HONORABLE JUDGE THOMAS S. ZILLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

A.B., by and through his parents, L.B. and M.B., on his own behalf and on behalf of similarly situated others; L.B.; M.B., C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H.,

    Plaintiffs,

vs.

PREMERA BLUE CROSS,

    Defendant.

Case No. 2:23-cv-00953-TSZ

**DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

### I.  INTRODUCTION

1. Premera Blue Cross ("Premera") states that Paragraph 1 of the Complaint states a legal conclusion and no response is required. Premera states that the Affordable Care Act speaks for itself.

2. Premera admits that it is a not-for-profit health care services corporation company that provides health insurance and related services to approximately 2 million people across the States of Washington and Alaska. Premera admits that it participates in the health care insurance marketplace including the Washington Health Benefit Exchange in Washington State. Premera denies that it "administers and enforces an exclusion of coverage for gender-affirming care for transgender youth under the age of 18." Premera states that its applicable Medical Policy outlines

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 1
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

the medical necessity of gender-affirming care for its members. Premera denies the remaining allegations in Paragraph 2 and all inferences drawn therefrom.

3. Premera admits that A.B. is a Premera member. Premera denies the remaining allegations in Paragraph 3 and all inferences drawn therefrom.

4. Admitted.

5. Premera admits that J.M. is a Premera member. Premera denies the remaining allegations in Paragraph 5 and all inferences drawn therefrom.

6. Admitted.

7. Premera admits that it covers gender-affirming care when medically necessary.

8. Premera states that the Plan documents and Medical Policy speak for themselves. Premera admits that it covers gender affirming care without arbitrary and categorical age limitations. In all other respects, denied.

9. Premera denies that it "categorically excludes coverage" or "has imposed an exclusion of gender-affirming surgical care for youth since May 1, 2016." Premera states that the Medical Policy speaks for itself. In all other respects, denied.

10. Premera admits that A.B.'s pre-service request for double mastectomy and reconstruction was denied. Premera denies the remaining allegations in Paragraph 10.

11. Premera states that its medical policies speak for themselves. In all other respects, denied.

12. Premera admits that some procedures that involve breast reduction do not have age limitations. Premera states that the Medical Policy speaks for itself. In all other respects, denied.

13. Premera admits that some procedures that involve breast reduction do not have age limitations. Premera states that the Medical Policy speaks for itself. In all other respects, denied.

14. Premera states that the Medical Policy speaks for itself. Premera further states that, as a result of regular and ongoing medical policy review processes that began before the

DEFENDANT PREMERA BLUE CROSS' ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT – 2
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

1   initiation of this lawsuit, the Medical Policy attached as Exhibit E was replaced on August 1,
2   2023 with an InterQual Medical Policy that specifically describes an age 18 limitation. In all
3   other respects, denied.

4       15.    Premera states that the Medical Policies speak for themselves. In all other
5   respects, denied.

6       16.    Denied.

7       17.    Premera states that the Medical Policy speaks for itself. In all other respects,
8   denied.

9       18.    Premera states that the positions taken by WPATH speak for themselves. In all
10  other respects, denied.

11      19.    Admitted.

12      20.    Denied.

13      21.    Premera states that the Medical Policy speaks for itself. In all other respects,
14  denied.

15      22.    Denied.

16      23.    Premera states that the Medical Policy speaks for itself. In all other respects,
17  denied.

18      24.    Premera is without knowledge of whether Plaintiffs "will incur financial
19  hardship" and therefore denies this allegation. Premera denies the remaining allegations in
20  Paragraph 24.

21      25.    Premera is without knowledge of whether A.B. has "suffered stigmatization,
22  humiliation, and a loss of dignity" and therefore denies this allegation. Premera denies the
23  remaining allegations in Paragraph 25.

24      26.    Denied.

25      27.    Premera admits that Plaintiffs bring this lawsuit on behalf of themselves and a
26  proposed class but denies that such lawsuit or class action is proper and denies the remaining
27  allegations in Paragraph 27.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT – 3
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

28. Premera denies that Plaintiffs are entitled to any judgment and denies the remaining allegations in Paragraph 28.

29. Premera denies that Plaintiffs are entitled to damages and denies the remaining allegations in Paragraph 29.

## II.     PARTIES

30. Premera admits the allegations in Paragraph 30.

31. Premera is without knowledge of whether L.B. and M.B. "pay for A.B.'s health care needs" and therefore denies this allegation. Premera admits the remaining allegations in Paragraph 31.

32. Premera admits the allegations in Paragraph 32.

33. Premera is without knowledge of whether C.M. and A.H. "pay for J.M.'s health care needs" and therefore denies this allegation. Premera admits the remaining allegations in Paragraph 33.

34. Premera admits the allegations in Paragraph 34 except that it denies that it receives federal financial assistance with respect to its administration of self-funded health plans and certain other activities.

## III.     JURISDICTION AND VENUE

35. Admitted. Premera denies that any relief is appropriate under the ACA.

36. Admitted.

37. Admitted. Premera denies that any declaratory relief is appropriate.

38. Admitted.

39. Admitted.

## IV.     FACTUAL BACKGROUND

A.     *Gender Dysphoria and Its Treatment*

40. Premera denies the allegations in Paragraph 40 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 4
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

41.     Premera denies the allegations in Paragraph 41 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

42.     Premera denies the allegations in Paragraph 42 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

43.     Premera denies the allegations in Paragraph 43 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

44.     Premera denies the allegations in Paragraph 44 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

45.     Premera denies the allegations in Paragraph 45 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

46.     Premera denies the allegations in Paragraph 46 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT – 5
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

47. Premera denies the allegations in Paragraph 47 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

48. Premera denies the allegations in Paragraph 48 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation. Premera states that the publications referenced in Paragraph 48 speak for themselves.

49. Premera denies the allegations in Paragraph 49 to the extent they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender and therefore denies this allegation.

50. Premera denies the allegations in Paragraph 50 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

51. Premera denies the allegations in Paragraph 51 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

52. Premera denies the allegations in Paragraph 52 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and

DEFENDANT PREMERA BLUE CROSS' ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT – 6
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

53. Premera objects to Paragraph 53 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, Premera denies the allegations as stated. Premera follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. Premera states that the WPATH standards speak for themselves.

54. Premera denies the allegations in Paragraph 54 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

55. Premera denies the allegations in Paragraph 55 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

56. Premera denies the allegations in Paragraph 56 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

57. Premera denies the allegations in Paragraph 57 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 7
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

58. Premera denies the allegations in Paragraph 58 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

59. Premera denies the allegations in Paragraph 59 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

60. Premera denies the allegations in Paragraph 60 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation. Premera states that the WPATH standards speak for themselves.

61. Premera denies the allegations in Paragraph 61 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

62. Premera denies the allegations in Paragraph 62 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 8
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

experience among people experiencing gender dysphoria.  Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

63. Premera denies the allegations in Paragraph 63 to the extent that they are inconsistent with scientific and medical facts.  Premera follows evidence-based science and regulatory requirements when administering benefits.  Premera denies that there is uniformity of experience among people experiencing gender dysphoria.  Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

64. Premera denies the allegations in Paragraph 64 to the extent that they are inconsistent with scientific and medical facts.  Premera follows evidence-based science and regulatory requirements when administering benefits.  Premera denies that there is uniformity of experience among people experiencing gender dysphoria.  Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

65. Premera denies the allegations in Paragraph 65 to the extent that they are inconsistent with scientific and medical facts.  Premera follows evidence-based science and regulatory requirements when administering benefits.  Premera denies that there is uniformity of experience among people experiencing gender dysphoria.  Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

66. Premera denies the allegations in Paragraph 66 to the extent that they are inconsistent with scientific and medical facts.  Premera follows evidence-based science and regulatory requirements when administering benefits.  Premera denies that there is uniformity of experience among people experiencing gender dysphoria.  Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

67. Premera denies the allegations in Paragraph 67 to the extent that they are inconsistent with scientific and medical facts.  Premera follows evidence-based science and regulatory requirements when administering benefits.  Premera denies that there is uniformity of experience among people experiencing gender dysphoria.  Premera is without knowledge as to

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 9
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

whether this allegation is true as to any specific individual and therefore denies this allegation. Premera states that the WPATH standards speak for themselves.

68. Premera denies the allegations in Paragraph 68 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation. Premera states that the AMA Resolution speaks for itself.

69. Premera denies the allegations in Paragraph 69 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation. Premera states that the AMA Issue Brief speaks for itself.

70. Premera denies the allegations in Paragraph 70 to the extent that they are inconsistent with scientific and medical facts. Premera follows evidence-based science and regulatory requirements when administering benefits. Premera denies that there is uniformity of experience among people experiencing gender dysphoria. Premera is without knowledge as to whether this allegation is true as to any specific individual and therefore denies this allegation.

**B.**     ***Premera is Subject to the ACA's Anti-Discrimination Law***

71. Admitted. Premera denies that any relief is appropriate under the ACA.

72. Premera admits that it receives federal funding for some programs but denies that it receives federal funding for others, including administration of third-party self-funded ERISA plans.

73. Premera admits that it receives federal funding for some programs but denies that it receives federal funding for others, including administration of third-party self-funded ERISA plans.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT – 10
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

74. Premera states that it complies with the requirements of 45 C.F.R. § 92.4 and states that the assurance speaks for itself. Premera denies that any relief is appropriate under the ACA.

75. Admitted. Premera states that its communications with A.B. and his parents and the Plan speak for themselves.

76. Premera denies that it administers an "exclusion." Premera states that the Medical Policy speaks for itself. In all other respects, denied.

C. **Premera Denies Coverage of Gender-Affirming Surgical Care for A.B.**

77. Premera admits that A.B. has received a diagnosis of gender dysphoria. Premera is without knowledge as to the remaining allegations and therefore denies them.

78. Admitted.

79. Premera admits that it has covered some of A.B.'s claims and has denied others. Premera denies that the services at issue in A.B.'s case were medically necessary. In all other respects, denied.

80. Admitted. Premera states that the letter speaks for itself.

81. Premera admits that A.B.'s parents appealed the denial of coverage in a letter dated December 23, 2022, and states that the letter speaks for itself. In all other respects, denied.

82. Admitted. Premera states that the letter speaks for itself.

83. Premera admits that a reason for the denial was the member's age. Premera states that the letter speaks for itself.

84. Premera admits that A.B.'s parents corresponded with Premera representatives concerning coverage for the services at issue and states that the correspondence speaks for itself. In all other respects, denied.

85. Premera admits that A.B.'s parents corresponded with Premera representatives concerning coverage for the services at issue and states that the correspondence speaks for itself. In all other respects, denied.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT – 11
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

86. Premera admits that A.B.'s parents, through counsel, corresponded with Premera representatives concerning coverage for the services at issue and states that the correspondence speaks for itself. In all other respects, denied.

87. Premera admits that it corresponded with Plaintiffs concerning coverage for the services at issue and states that the correspondence speaks for itself. In all other respects, denied.

88. Admitted. Premera states that the records speak for themselves.

89. Premera admits that Dr. Small was the sole psychiatrist on staff at Premera during 2022.

90. Denied.

91. Admitted. Premera states that the records speak for themselves.

92. Premera admits that it provided records to Plaintiffs concerning coverage for the services at issue and states that the records speak for themselves. In all other respects, denied.

93. Denied.

94. Premera admits that it provided records to Plaintiffs concerning coverage for the services at issue and states that the records speak for themselves. In all other respects, denied.

95. Denied.

96. Admitted.

97. Premera admits that A.B. did not receive pre-service authorization for the services at issue. Premera denies that such services are medically necessary under the Medical Policy. Premera is without knowledge and therefore denies the remaining allegations in Paragraph 97.

98. Premera is without knowledge and therefore denies the allegations in Paragraph 98.

**D.    *Premera Denies Coverage of Gender-Affirming Surgical Care for J.M.***

99. Premera admits that J.M. has received a diagnosis of gender dysphoria. Premera is without knowledge as to the remaining allegations and therefore denies them.

100. Admitted.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 12
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

101. Premera admits that it has covered some of J.M.'s claims and has denied others. Premera denies that the services at issue in J.M.'s case were medically necessary. In all other respects, denied.

102. Admitted. Premera states that the document speaks for itself.

103. Premera admits that a reason for the denial was the member's age. Premera states that the letter speaks for itself.

104. Premera admits that J.M.'s providers appealed the denial of coverage in a letter dated October 19, 2023, and states that the appeal speaks for itself. In all other respects, denied.

105. Admitted. Premera states that the letter speaks for itself.

106. Premera admits that a reason for the denial was the member's age. Premera states that the letter speaks for itself.

107. Admitted. Premera states that the letter speaks for itself.

108. Premera states that the appeal speaks for itself.

109. Premera admits that J.M. did not receive pre-service authorization for the services at issue. Premera denies that such services are medically necessary under the Medical Policy. Premera is without knowledge of and therefore denies the remaining allegations in Paragraph 109.

110. Denied.

111. Denied.

112. Premera admits that Plaintiffs appealed Premera's denial of pre-authorization for the services at issue. In all other respects denied. Premera states that the ACA speaks for itself.

113. Denied.

## V. CLASS ALLEGATIONS

114. Premera admits that Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure. Premera denies that class relief is appropriate.

115. Premera admits that Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure. Premera denies that class relief is appropriate.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 13
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

116. Denied.

117. Premera admits A.B. and J.M. are Premera members. Premera denies that the services at issue are medically necessary and states that the Plan and the Medical Policy speak for themselves. In all other respects, denied.

118. Denied.

119. Denied.

120. Denied.

121. Admitted that venue is proper in the Western District of Washington.

122. Denied.

## VI. CLAIMS FOR RELIEF:

**ONE - VIOLATION OF SECTION 1557 OF THE AFFORDABLE CARE ACT, (SEX DISCRIMINATION), 42 U.S.C. §18116**

123. Premera incorporates its answers to paragraphs 1-122 as if fully set forth herein.

124. Premera admits that Plaintiffs state this cause of action seeking declaratory and injunctive relief, but Premera denies that Plaintiffs are entitled to such relief.

125. Premera admits that Plaintiffs state this cause of action seeking individual compensatory damages, but Premera denies that Plaintiffs are entitled to recover any damages.

126. Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, speaks for itself and no response is required.

127. Premera admits that it receives federal funding for some programs but denies that it receives federal funding for others, including administration of third-party self-funded ERISA plans. Therefore, Premera denies the allegation that "[Premera] is…a 'covered entity' for purposes of Section 1557."

128. Denied.

129. Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, speaks for itself and no response is required.

130. Denied.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 14
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

**TWO - VIOLATION OF SECTION 1557 OF THE AFFORDABLE CARE ACT, (AGE DISCRIMINATION), 42 U.S.C. §18116**

137. Premera incorporates its answers to paragraphs 1-122 as if fully set forth herein.

138. Premera admits that Plaintiffs state this cause of action seeking declaratory and injunctive relief, but Premera denies that Plaintiffs are entitled to such relief.

139. Premera admits that Plaintiffs state this cause of action seeking damages, but Premera denies that Plaintiffs are entitled to recover any damages.

140. Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, speaks for itself and no response is required. In all other respects, denied.

141. Premera admits that it receives federal funding for some programs but denies that it receives federal funding for others, including administration of third-party self-funded ERISA plans. Therefore, denies the allegation that in all situations that "[Premera] is…a 'covered entity' for purposes of Section 1557."

142. Denied as to legal conclusions under Section 1557. Premera denies that it discriminates on the basis of age.

143. Denied as to legal conclusions. Premera denies that it imposes arbitrary and categorical age limits for coverage of gender-affirming medical care.

144. Denied. Premera denies that it imposes categorical age limits for coverage of gender-affirming care.

145. Denied.

146. Denied.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 15
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

147. Denied.

148. Denied.

149. Denied.

## VII.   DEMAND FOR RELIEF

Premera denies the unnumbered WHEREFORE clause in the Demand for Relief in the Complaint.

1. No response to Paragraph 1 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that Plaintiffs and the members of the proposed class are entitled to any judgment.

2. No response to Paragraph 2 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that it violated the rights of Plaintiffs or the members of any proposed class.

3. No response to Paragraph 3 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that Plaintiffs are entitled to any injunctive or other type of relief.

4. No response to Paragraph 4 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that Plaintiffs are entitled to an order requiring Premera to reprocess or provide coverage for any denied pre-authorizations or denied claims for coverage.

5. No response to Paragraph 5 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that the named Plaintiffs are entitled to any judgment.

6. No response to Paragraph 6 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that Plaintiffs are entitled to any attorneys' fees, costs, or expenses.

7. No response to Paragraph 7 in Plaintiffs' Demand for Relief is required.  To the extent a response is required, Premera denies that Plaintiffs are entitled to any other type of relief.

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 16
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

**GENERAL DENIAL**

Premera further denies any allegation or paragraph in Plaintiffs' Complaint that has not been specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

By setting forth the defenses below, Premera does not assume any burden not placed on Premera under applicable law.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action for which relief may be requested.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs lack Article III standing to assert their claims because the treatments Plaintiffs seek are not medically necessary and, as a result, Plaintiffs fail to allege the injury, causation, or redressability required by Article III.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is barred because the medical policy at issue in the Plan does not discriminate on the basis of sex or age according to federal regulations and case law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs have received all benefits to which they are entitled under the terms of any plan and have not been denied any benefits to which they are entitled under any plan.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have not suffered any cognizable damages, and to the extent they have suffered any such damages, they failed to mitigate those damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent they seek relief or remedies not available under ERISA.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs allege that Premera was acting in a fiduciary capacity,

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 17
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

Premera acted with good faith, reasonable care, skill, prudence, and diligence under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for attorneys' fees should be denied because Premera's defenses to this action are reasonable and made in good faith.

## NINTH AFFIRMATIVE DEFENSE

Premera reserves the right to assert all contractual terms, limitations, and exclusions of the applicable health insurance contract as facts are revealed during discovery in this case.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs, by their own acts and omissions, have waived any and all of their alleged rights to pursue the claims raised in the Complaint against Premera.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' age discrimination claim is barred due to Plaintiffs' failure to exhaust the administrative remedies required by the Age Discrimination Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting each and every claim for relief contained in the Complaint against Premera and such estoppels bar Plaintiffs from obtaining any recovery, equitable or otherwise.

Premera reserves the right to amend and/or supplement these responses and Affirmative Defenses.

DATED this 18th day of June 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By   /s/ Gwendolyn C. Payton
Gwendolyn C. Payton, WSBA No. 26752
gpayton@ktslaw.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714
Facsimile: (206) 623-6793

*Counsel for Premera Blue Cross*

DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT – 18
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANT PREMERA BLUE CROSS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| Attorney | Service Method |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S. Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>        dgross@sylaw.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>120 WALL STREET 19TH FLOOR<br>NEW YORK, NY 10005<br>646-307-7406<br>Email: ogonzalez-pagan@lambdalegal.org | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **J. Denise Diskin**<br>**Dallas Martinez**<br>Q LAW FOUNDATION OF WASHINGTON<br>400 EAST PINE STREET STE 225<br>SEATTLE, WA 98122<br>206-483-2725<br>Email: denise@qlawfoundation.org<br>        Dallas@qlawfoundation.org | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 18th day of June 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752

*Counsel for Premera Blue Cross*

CERTIFICATE OF SERVICE - 19
CASE NO. 2:23-CV-00953-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946