The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L.B. and M.B., on behalf of their minor child A.B., and on behalf of similarly situated others; L.B.; M.B., C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H., <br><br> Plaintiffs, <br><br> v. <br><br> PREMERA BLUE CROSS, <br><br> Defendant. | NO. 2:23-cv-00953-TSZ <br><br> PLAINTIFFS' MOTION FOR CLASS CERTIFICATION <br><br> **Note on Motion Calendar:** **August 19, 2024** |

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................1

II.   PROPOSED CLASS DEFINITIONS................................................................4

III.  UNDISPUTED MATERIAL FACTS...............................................................4

    A.   Procedural Facts.......................................................................................4

    B.   Plaintiffs A.B. and J.M. Were Denied Coverage of Gender
       Affirming Chest Surgery by Premera Solely Because They
       Are Under Age 18.....................................................................................5

       1.   Premera Denies A.B.'s Requests for Coverage of
          Gender Affirming Chest Surgery................................................5

       2.   Premera Denies Gender Affirming Chest Surgery for
          J.M. ..............................................................................................6

    C.   Premera Applies the Age-Exclusion in the GTAS Policy as
       its Standard Practice.................................................................................7

IV.   ARGUMENT .......................................................................................................8

    A.   General Class Action Requirements .......................................................8

    B.   Fed. R. Civ. P. 23(a)'s Requirements For Class
       Certification Are Met ...............................................................................9

       1.   Numerosity....................................................................................9

       2.   Commonality Is Met Since the Litigation Will Be
          Driven by Common Answers to Class-Wide
          Questions ....................................................................................13

       3.   Plaintiffs' Claims Are Typical of the Claims of the
          Members of the Proposed Class .................................................15

       4.   Representation Is Adequate.........................................................16

    C.   Certification of the Proposed Classes Is Proper under Fed.
       R. Civ. P. 23(b)(1) and/or (b)(2)...........................................................18

       1.   The Claims in this Case Are Appropriate for
          Certification under Fed. R. Civ. P. 23(b)(1)..............................18

       2.   Certification is also proper under Fed. R. Civ. P.
          23(b)(2) .......................................................................................20

    D.   The Class Period Begins on June 27, 2019 ...........................................22

V.    CONCLUSION ..................................................................................................22

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – ii
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**TABLE OF AUTHORITIES**

CASES

*A.B. v. Haw. State Dep't of Educ.,* .................................................................................................11

*A.B. v. Haw. State Dep't of Educ.,*
30 F.4th 828 (9th Cir. 2022) ....................................................8, 9, 10, 11, 12, 15

*Aguilar v. Melkonian Enters., Inc.,*
2007 U.S. Dist. LEXIS 8146 (E.D. Cal. Jan. 22, 2007).......................................11

*Allen v. Isaac,*
99 F.R.D. 45 (N.D. Ill. 1983) ...............................................................................10

*Amchem Prods. v. Windsor,*
521 U.S. 591, 117 S. Ct. 2231 (1997) ..............................................................19, 20

*Armstrong v. Davis,*
275 F.3d 849 (9th Cir. 2001)..................................................................................13

*Baby Neal v. Casey,*
43 F.3d 48 (3d Cir. 1994).......................................................................................15

*Borum v. Brentwood Vill., LLC,*
324 F.R.D. 1 (D.D.C. 2018) ..................................................................................12

*Boyden v. Conlin,*
341 F.Supp.3d 979 (W.D. Wis. 2018).....................................................................2

*Briseno v. ConAgra Foods, Inc.,*
844 F.3d 1121 (9th Cir. 2017)................................................................................22

*Bublitz v. E.I. du Pont de Nemours and Co.,*
202 F.R.D. 251 (S.D. Iowa 2001) .........................................................................10

*C.P. v. Blue Cross Blue Shield of Ill.,*
2023 U.S. Dist. LEXIS 226044 (W.D. Wash. Dec. 19, 2023) .......................3, 21

*C.P. v. Blue Cross Blue Shield,*
2022 U.S. Dist. LEXIS 204480 (W.D. Wash. Nov. 9, 2022) ...............9, 14, 16, 17, 19, 22

*City of Grants Pass v. Johnson,*
2024 U.S. LEXIS 2881 (June 28, 2024) ................................................................10

*D.T. v. NECA/IBEW Family Medical Care Plan,*
2019 U.S. Dist. LEXIS 50683 (W.D. Wash. March 26, 2019) .............................19

*Dameron v. Sinai Hosp. of Baltimore, Inc.,*
595 F. Supp. 1404 (D.C. Md. 1984).......................................................................11

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – iii
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*Dekker v. Weida*,
    679 F.Supp.3d 1271 (N.D. Fla. 2023)................................................................2

*Des Roches v. Cal. Physicians' Serv.*,
    320 F.R.D. 486 (N.D. Cal. 2017) ....................................................................19

*Dunakin v. Quigley*,
    99 F. Supp. 3d 1297 (W.D. Wash. 2015) ....................................................8, 17

*Escalante v. Cal. Physicians' Serv.*,
    309 F.R.D. 612 (C.D. Cal. 2015)....................................................................19

*Fain v. Crouch*,
    No. 3:20-0740, 2022 U.S. Dist. LEXIS 137083 (S.D. W. Va. Aug. 2,
    2022)..........................................................................................................9, 16, 17

*Flack v. Wis. Dep't of Health Servs.*,
     331 F.R.D. 361 (W.D. Wis. 2019) ....................................................................9

*Flack v. Wis. Dep't of Health* Servs.,
    395 F.Supp.3d 1001 (W.D. Wis. 2019)............................................................2

*Fletcher v. Alaska*,
    443 F.Supp.3d 1024 (D. Alaska 2020) .............................................................2

*General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity
    Comm'n*,
    446 U.S. 318 (1980) .......................................................................................10

*Grant v. Sullivan*,
    131 F.R.D. 436 (M.D. Pa. 1990) ....................................................................10

*Haley v. Medtronic, Inc.*,
    169 F.R.D. 643 (C.D. Cal. 1996).....................................................................11

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)........................................................................13

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992)..........................................................................15

*Howard v. Aetna Life Ins. Co.*,
    2024 U.S. Dist. LEXIS 46721 (C.D. Cal. Feb. 27, 2024)...........................19, 20

*In re Ikon Office Sols., Inc. Sec. Litig.*,
    191 F.R.D. 457 (E.D. Pa. 2000).....................................................................19

*Johnson v. City of Grants Pass*,
    50 F.4th 787 (9th Cir. 2022) .........................................................................18

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – iv
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*Johnson v. City of Grants Pass*,
    72 F.4th 868 (9th Cir. 2023) ................................................................................................10

*Jordan v. Los Angeles County*,
    669 F.2d 1311 (9th Cir. 1982).....................................................................................10, 12

*K.M. v. Regence Blueshield*,
    2014 U.S. Dist. LEXIS 9156 (W.D. Wash. Jan. 24, 2014) ................................................14

*Kadel v. Folwell*,
    100 F.4th 122 (4th Cir. 2024) ......................................................................................2, 16

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. 2007) ...................................................................................15

*Kazda v. Aetna Life Ins. Co.*,
    2022 U.S. Dist. LEXIS 77880 (N.D. Cal. Apr. 26, 2022) .........................................10, 21

*Kazda v. Aetna Life Ins. Co.*,
    2023 U.S. Dist. LEXIS 199175 (N.D. Cal. Nov. 6, 2023).................................................21

*Lange v. Houston Cnty.*,
    101 F.4th 793 (11th Cir. 2024) ...........................................................................................2

*Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001).............................................................................................16

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012)................................................................................................13

*McCluskey v. Trustees of Red Dot Corp.*,
    268 F.R.D. 670 (W.D. Wash. 2010) ...............................................................10, 11, 12, 19

*McGreevey v. PHH Mortg. Corp.*,
    897 F.3d 1037 (9th Cir. 2018)...............................................................................................22

*Meidl v. Aetna, Inc.*,
    2017 U.S. Dist. LEXIS 70223 (D. Conn. May 4, 2017) ...................................................19

*Palacios v. MedStar Health, Inc.*,
    298 F. Supp. 3d 87 (D.D.C. 2018) ......................................................................................22

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014)...........................................................................4, 14, 20, 21

*Smith v. Univ. of Wash. Law Sch.*,
    2 F. Supp. 2d 1324 (W.D. Wash. 1998) ........................................................................9, 15

*Stromberg v. Qualcomm Inc.*,
    14 F.4th 1059 (9th Cir. 2021) .............................................................................................22

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – v
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*Tech. Access Found. Health Benefit Plan v. Grp. Health Coop. (In re Z.D.)*,
    2012 U.S. Dist. LEXIS 149610 (W.D. Wash. Oct. 17, 2012) ...................................... 16, 22

*Thornton v. Comm'r of Soc. Sec.*,
    570 F. Supp. 3d 1010 (W.D. Wash. 2020) ................................................................. 18, 22

*Tomei v. Parkwest Med. Ctr.*,
    24 F.4th 508 (6th Cir. 2022) ...................................................................................... 22

*Unthaksinkum v. Porter*,
    2011 U.S. Dist. LEXIS 111099 (W.D. Wash. Sept. 28, 2011) ......................................... 17

*Vega-Ruiz v. Northwell Health*,
    No. 20-315, 992 F.3d 61 (2d Cir. 2021) ........................................................................ 22

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................. 8, 13, 14, 20

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ....................................................................................... 9

*Wilbur v. City of Mount Vernon*,
    298 F.R.D. 665 (W.D. Wash. 2012) ............................................................................ 21

*Williams v. Boeing Co.*,
    225 F.R.D. 626 (W.D. Wash. 2005) .............................................................................. 4

*Wit v. United Behavioral Health*,
    317 F.R.D. 106 (N.D. Cal. 2016) ........................................................................... 19, 20

*Wit v. United Behavioral Health*,
    79 F.4th 1068 (9th Cir. 2023) ..................................................................................... 21

*Z.D. v. Group Health Cooperative*,
    2012 U.S. Dist. LEXIS 76498 (W.D. Wash. 2012) ............................................ 9, 14, 20, 21

*Zinser v. Accufix Research Institute, Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ....................................................................................... 8

**STATUTES**

28 U.S.C. § 1658 ............................................................................................................. 4, 22

**RULES**

Fed. R. Civ. P. 23(a) ............................................................................... 8, 9, 13, 16, 18

Fed. R. Civ. P. 23(b) ................................................................................... 8, 9, 18, 20

Fed. R. Civ. P. 23(g) .......................................................................................... 17, 18

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – vi
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**TREATISES**

H. Newberg and A. Conte, 1 NEWBERG ON CLASS ACTIONS, § 3:3
(4th ed.) ..........................................................................................................................9

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – vii
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## I.    INTRODUCTION

Defendant Premera Blue Cross ("Premera") has adopted a standard medical policy that imposes a categorical exclusion of coverage for gender-affirming chest surgery for transgender minors (the "Age-Exclusion"). *See* Hamburger Decl., *Exh. B*,[1] Premera's Medical Policy 7.01.557 Gender Transition/Affirmation Surgery and Related Services (hereinafter "GTAS Policy"). At the same time, Premera provides coverage for the same or similar chest surgery for minors diagnosed with other health conditions. *Exhs. D–E*. This is illegal sex discrimination, as explained in Plaintiffs' Motion for Partial Summary Judgment, filed concurrently with this Motion. It is also illegal age discrimination, as alleged in Plaintiffs' Second Amended Complaint.

Plaintiffs A.B. and J.M. are two transgender minor adolescents enrolled in Premera health plans who have been denied coverage for gender-affirming chest surgery because they are transgender and under 18 years of age. Plaintiffs have met all of the requirements for coverage of this treatment under the GTAS Policy, except for reaching the age of 18. *Exhs. T–U, W–X*. Indeed, like all members of the proposed Class, the mere fact that they are (a) transgender and (b) under 18 is the reason that Premera denied coverage.

This is not a case in which the parties genuinely dispute that gender-affirming chest surgery can be medically necessary to treat gender dysphoria. Premera's GTAS Policy and its Rule 30(b)(6) testimony reveals that it can be. *Exh. B*; *Exh. C*, pp. 35:24–36:9, 48:7–21; *Exh. Z*, p. 46:11–14.

Nor is this a case in which Premera can claim that coverage for gender-affirming chest surgery is never medically necessary for minors, as ***Premera has covered the procedure for at least 28 transgender minors*** out of a total of at least 63 requests/claims

---

[1] All exhibits cited in this Motion are to the Declaration of Eleanor Hamburger unless otherwise noted.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 1
[Case No. 2:23-cv-00953-TSZ]

submitted (by applying a secret exception process never disclosed to Plaintiffs or Class members during the claims process). Hamburger Decl., ¶16; *Exh. C*, pp. 135:24–136:12; *Exhs. HH, MM.*

Rather, this case seeks the answer to a very narrow issue in dispute:  Does Premera discriminate against Plaintiffs and the Class when it imposes a categorical exclusion of gender-affirming chest surgery (a treatment that can be medically necessary treatment for gender dysphoria, even for adolescent minors) in the GTAS Policy while, at the same time, covering the same or similar surgery for minors with other conditions? Plaintiffs' Motion for Partial Summary Judgment demonstrates that the Affordable Care Act's anti-discrimination law forbids the precise discrimination that Premera imposes here. *See* 42 U.S.C. § 18116; *Kadel v. Folwell*, 100 F.4th 122, 164 (4th Cir. 2024); *Lange v. Houston Cnty.*, 101 F.4th 793, 798–99 (11th Cir. 2024); *Dekker v. Weida*, 679 F.Supp.3d 1271, 1289–91 (N.D. Fla. 2023); *Fletcher v. Alaska*, 443 F.Supp.3d 1024, 1027, 1030 (D. Alaska 2020); *Flack v. Wis. Dep't of Health* Servs., 395 F.Supp.3d 1001, 1019–22 (W.D. Wis. 2019); *Boyden v. Conlin*, 341 F.Supp.3d 979, 1002–03 (W.D. Wis. 2018). Before the Court reaches summary judgment, however, it must determine class certification.

Class certification in this case is proper. There are two systemic legal questions in this case:  (1) Does Premera engage in illegal sex discrimination when it designs and administers the GTAS Policy with a categorical exclusion of coverage for gender-affirming chest surgery for transgender minors, while it provides coverage for the same or similar surgery for minors with other conditions? and (2) Does Premera discriminate on the basis of age when it designs and administers the GTAS Policy with a categorical exclusion of gender-affirming chest surgery without a genuine medical justification? An affirmative answer to either or both questions will determine the rights of all proposed Class members to have their pre-authorization requests and post-service claims for coverage of gender-affirming chest surgery reviewed without the discriminatory Age-

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 2
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Exclusion. Class actions are specifically designed to address, in one proceeding, this type of systematic violation of the law.

Premera's GTAS Policy has already impacted at least 63 enrollees during the Class Period, with at least 35 enrollees consistently denied coverage because they were transgender and under 18 years of age. The effect of Premera's denials is personally devastating for Class members: either the Class members must wait for care, sometimes for years, as in the case of Plaintiff J.M., or their families must find a way to pay for the procedure out-of-pocket, as occurred with Plaintiff A.B. And the longer the GTAS Policy's Age-Exclusion remains in place, the larger the class grows and the greater the discriminatory harms experienced. All Class members are entitled to seek remedies under Section 1557 including injunctive, declaratory, and other equitable relief. A class action offers the most efficient process to resolve the dispute.

The Court should certify a class of past, current, and future transgender minors enrolled in Premera health plans (whether insured or administered by Premera) who require gender-affirming chest surgery and who are subject to the GTAS Policy's Age-Exclusion. *See* Dkt. No. 34, ¶115. Once certified, the Court should consider Plaintiffs' Motion for Partial Summary Judgment and issue class-wide declaratory relief concluding that the GTAS Policy's Age-Exclusion violates the ACA's anti-discrimination law. Following such a determination, Plaintiffs will move for class-wide injunctive relief prohibiting Premera from denying coverage based on the Age-Exclusion in the future, and requiring reprocessing of past claims/requests for coverage that were denied based upon the Age-Exclusion. This Court has followed such a roadmap before. *See C.P. v. Blue Cross Blue Shield of Ill.*, 2023 U.S. Dist. LEXIS 226044 (W.D. Wash. Dec. 19, 2023).

A facially discriminatory policy like the GTAS Policy's Age-Exclusion presents the "ideal case" for certification of a class to address systemic civil rights violations, as "broad class-wide injunctive relief is necessary to redress group-wide injury." *Williams*

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 3
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*v. Boeing Co.*, 225 F.R.D. 626, 631 (W.D. Wash. 2005*); Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014) *(*"the primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions").

## II.  PROPOSED CLASS DEFINITIONS

Plaintiffs move for the certification of the following class:

> All individuals who have been, are, or will be participants or beneficiaries in Premera health plans and/or health benefit plans (whether insured or administered by Premera) who required, require, or will require treatment with gender-affirming chest surgery to treat their diagnosis of gender dysphoria, and who were or will be denied pre-authorization or coverage of such surgery because they were or are under the age of 18.

Dkt. No. 34, ¶115. The proposed Class Period is June 27, 2019, extending into the future. *See* 28 U.S.C. § 1658.

## III.  UNDISPUTED MATERIAL FACTS[2]

**A.    Procedural Facts**

This lawsuit was filed on June 27, 2023. Dkt. No. 1. Plaintiffs' Complaint alleges that Premera discriminates on the basis of sex and age when it imposes a categorical exclusion of coverage for gender-affirming chest surgery in the GTAS Policy, despite well-established, generally-accepted clinical practice guidelines that conclude that such treatment can be medically necessary. Dkt. No. 1, ¶¶3, 6, 7, 14–20. Plaintiffs' Complaint alleged that Premera does not exclude the same or similar treatment when sought by non-transgender enrollees under the age of 18. *Id.*, ¶¶9–13.

---

[2] Although it is not required that the facts be undisputed for class certification, all of the facts relied upon are undisputed and offered in support of both Plaintiffs' Motion for Class Certification and Motion for Partial Summary Judgment Regarding Sex Discrimination.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 4
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

On September 19, 2023, Plaintiffs amended the Complaint to clarify the class definition. Dkt. No. 18. No changes to the claims or remedies were made. *Id.*

On May 8, 2024, Plaintiffs moved to amend the Complaint a second time, to add an additional named plaintiff who was a putative class member. Dkt. No. 27. The Court granted the motion, and the Second Amended Complaint was filed on June 4, 2024. Dkt. Nos. 33–34.

**B.    Plaintiffs A.B. and J.M. Were Denied Coverage of Gender Affirming Chest Surgery by Premera Solely Because They Are Under Age 18**

Plaintiff A.B. and Plaintiff J.M. are both enrolled in Premera Washington insured health plans. *Exh. Q*, pp. 16:22–17:16; C.M. Decl., ¶¶2–3; *Exhs. A*, *J*; *Exh. JJ* (Lifewise is a subsidiary of Premera). Both of the Premera plans promise coverage of gender-affirming care. *See, e.g., Exh. A*, p. 20; *Exh. J*, p. 21. Neither plan includes any restriction or limitation on such coverage based upon age. *Id.* (coverage is promised "for all ages.").

**1.    Premera Denies A.B.'s Requests for Coverage of Gender Affirming Chest Surgery**

Plaintiff A.B.'s treating medical and mental health providers, parents, and A.B. himself all concluded that it would be clinically appropriate for A.B. to receive gender-affirming chest surgery. *See, e.g., Exh. K*, p. 147:1–148:2 (Dr. Abernathy testified that A.B.'s diagnosis and referral for chest surgery was appropriate and consistent with the standard of care in Washington); *Exh. L*, p. 77:16–20 (A.B.'s treating mental health provider supported the surgery); *Exhs. M–O* (Letters from A.B.'s treating medical and mental health providers in support of gender-affirming chest surgery); *Exh. P*, pp. 74:17–75:5. All of A.B.'s treating providers were in agreement that gender-affirming chest surgery was an appropriate next step to treat A.B.'s gender dysphoria, as were A.B.'s parents, who consented to the treatment. *Exh. Q*, pp. 59:3–60:4 *Exh. R*, pp. 93:9–95:7.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 5
[Case No. 2:23-cv-00953-TSZ]

Premera denied the request for coverage by letter dated December 3, 2022. *Exh. T.* Premera explained that A.B. demonstrated 14 out of 15 separate requirements to meet the clinical coverage standards in his health plan. *See id.* Premera indicated that only one coverage requirement was unmet—that A.B. was not 18 years old. *Id.* Had A.B. been 18 years old when his request was submitted, his surgery would have been pre-authorized and covered by Premera, as admitted by its Rule 30(b)(6) witness. *Exh. C*, pp. 141:23–142:3.

A.B. appealed the denial, and Premera again denied the appeal, by letter dated December 30, 2022. *Exh. U.* Once again, the sole reason for the denial was that "[t]he services are not considered medically necessary for people under age 18." *Id.* No other reason for the denial was proffered by Premera. Neither denial indicates that there is any exception to Premera's Age-Exclusion.

In late June 2023, A.B.'s parents and medical team arranged for him to undergo gender-affirming chest surgery. *Exh. R*, p. 160:15–17. A.B. and his parents have paid out-of-pocket for the surgery, but they would like the claim for the procedure to be reviewed and re-processed by Premera for coverage, without the Age-Exclusion. *Exh. Q*, pp. 202:24–203:2; 204:12–16.

**2.      Premera Denies Gender Affirming Chest Surgery for J.M.**

J.M.'s treating medical providers have similarly confirmed that chest surgery is clinically appropriate. *See Exh. V*. Nonetheless, Premera has twice denied coverage of J.M.'s treatment based upon its Age-Exclusion. *Exhs. W–X.* Just like with A.B., Premera denied J.M.'s pre-authorization requests based solely on his age. *Id.* There was no indication in the denials that any exceptions would be made by Premera. *See id.* And Premera made no exceptions for J.M.'s request for coverage. *See id.* Accordingly, J.M. seeks injunctive relief ordering Premera to refrain applying its Age-Exclusion so he can

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 6
[Case No. 2:23-cv-00953-TSZ]

access coverage for the gender-affirming chest surgery that his parents, medical team, and he agree is clinically appropriate to treat his gender dysphoria.

**C.   Premera Applies the Age-Exclusion in the GTAS Policy as its Standard Practice**

All proposed Class members are subjected to the same standard practice that resulted in Plaintiffs' denials. As Premera's Rule 30(b)(6) witness testified, its standard practice directs all pre-service requests and post-service claims to be first reviewed by a member of the Clinical Nurse Team. *Exh. C*, p. 132:25–133:12. Consistent with the GTAS Policy, every request for coverage and post-service claim was potentially denied by the Clinical Nurse Team due to the enrollees' diagnosis with gender dysphoria and chronological age. *Id.*, pp. 132:25–133:23 (the diagnostic code for gender dysphoria determines that the GTAS Policy must be applied to the request or claim, leading to the application of the Age-Exclusion). The Clinical Nurse Team is not empowered to make exceptions; accordingly, the categorical Age-Exclusion in the GTAS Policy was applied to all requests or claims for gender-affirming chest surgery for transgender minors. *See id.*, pp. 133:24–134:5 (the request/claim is forwarded to an associate/assistant Medicaid Director if the criteria are not met). The total number of transgender minors who submitted claims for coverage of gender-affirming chest surgery is at least 63. *See* Hamburger Decl., ¶16; *Exhs. HH, MM.*

According to Premera's standard practice, all potentially denied claims would have been forwarded to Dr. Small or Dr. Dobias. *Exh. C*, p. 134:6–12. At this stage, Dr. Small applied his personal list of exceptions to at least 22 of the claims. *See id.*, pp. 135:24–136:12; *Exhs. HH, II* (6 denials were reversed on appeal by external reviewers concluding that Premera's Age-Exclusion was inconsistent with the generally accepted standard of care), *MM;* Hamburger Decl., ¶16. The remaining **35** claims were all denied by Dr. Small or Dr. Dobias pursuant to the Age-Exclusion. *See id.* In sum, all 63 requests

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 7
[Case No. 2:23-cv-00953-TSZ]

or claims were subjected to the Age-Exclusion by the Clinical Nurse Team, and a total of 35 were denied by Premera consistently during the claims, internal and external appeals process. Just under half (44%) of the requests for coverage of gender-affirming chest surgery for minors (**28 total**) were covered as clinically appropriate and medically necessary by Premera.[3] *Id.*  Dr. Small's exception was applied 35% of the time.  *Id.*

## IV.  ARGUMENT

### A.    General Class Action Requirements

"A party seeking class certification must affirmatively demonstrate his compliance with [Fed. R. Civ. P. 23]." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Fed. R. Civ. P. 23(a) requires that plaintiffs demonstrate numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Id.* In addition to these elements, a plaintiff must also establish that one or more of the requirements of Fed. R. Civ. P. 23(b) are met. *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1324–25 (W.D. Wash. 2015). In conducting this analysis, the Court must ascertain certain facts underlying the merits of Plaintiffs' claims "before coming to rest on the certification question." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (holding that facts supporting a pattern or practice of discrimination may be considered as a component of class certification). Those facts may include finding that a pattern or practice of discrimination derived from the facially discriminatory Exclusion exists sufficient to certify a class of impacted individuals. *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 836–39 (9th Cir. 2022).

Plaintiffs seek certification of a proposed Class under Rules 23(b)(1) and/or (b)(2). Without class certification, Premera could be subject to differing determinations

---

[3] The 28 enrollees who ultimately obtained coverage from Premera for their gender-affirming chest surgery (whether through Dr. Small's personal list of exceptions or as a result of an overturn of Premera's denial) are not in the proposed Class.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 8
[Case No. 2:23-cv-00953-TSZ]

regarding the effect of Section 1557, such that it would be required to follow "incompatible standards of conduct" as described in Rule 23(b)(1)(A). Moreover, if successful, this action would result in the Court holding that Premera's administration of the Age-Exclusion constitutes unlawful age and sex discrimination under Section 1557. This determination would be broadly applicable to the coverage of absent Class members who required or require medically necessary gender-affirming chest surgery but who were, are, or would otherwise be denied coverage through Premera's administration of the Exclusion. As such, the Court's adjudication of the central claims in this matter "would be dispositive of the interests of the other members not parties to the individual adjudications." Fed. R. Civ. P. 23(b)(1)(B).

Additionally, certification under Rule 23(b)(2) "fits this bill to a 'T'" and should be ordered. *Z.D. v. Group Health Cooperative*, 2012 U.S. Dist. LEXIS 76498, *19 (W.D. Wash. 2012); *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) ("It is sufficient [for (b)(2) certification] if class members complain of a pattern or practice that is generally applicable to the class as a whole"). Similar classes of transgender enrollees seeking relief under Section 1557 were certified under Rule 23(b)(2) in *C.P. v. Blue Cross Blue Shield*, 2022 U.S. Dist. LEXIS 204480, at *21 (W.D. Wash. Nov. 9, 2022); *Fain v. Crouch*, 2022 U.S. Dist. LEXIS 137083, at *15 (S.D. W. Va. Aug. 2, 2022), and *Flack v. Wis. Dep't of Health Servs.*, 331 F.R.D. 361, 375 (W.D. Wis. 2019), among others.

**B.    Fed. R. Civ. P. 23(a)'s Requirements For Class Certification Are Met**

**1.    Numerosity**

"In reality … Rule 23(a)(1) is an impracticability of joinder requirement." H. Newberg and A. Conte, 1 NEWBERG ON CLASS ACTIONS, § 3:3 (4th ed.). *See also Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998) (joinder does not need to be impossible, but simply impracticable depending on the facts and circumstances of the case). *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th at 837 ("[J]oinder of

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 9
[Case No. 2:23-cv-00953-TSZ]

all class members is not 'reasonably capable of being accomplished' because it would impose very substantial logistical burdens for little, if any, benefit"). "[I]mpractical does not mean impossible rather, impracticability means only the difficulty or inconvenience of joining all members of the class." *McCluskey v. Trustees of Red Dot Corp.*, 268 F.R.D. 670, 674 (W.D. Wash. 2010) (internal quotations omitted).

"There is no magic number for determining when too many parties make joinder impracticable." *A.B. v. Haw. State Dep't of Educ.,* 30 F.4th at 835. "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n,* 446 U.S. 318, 330 (1980). Typically, "proposed classes of less than fifteen are too small while classes of more than sixty are sufficiently large." *Johnson v. City of Grants Pass*, 72 F.4th 868, 886 (9th Cir. 2023), *reversed on other grounds*, *City of Grants Pass v. Johnson*, 2024 U.S. LEXIS 2881 (June 28, 2024).

The proposed Class meets the numerosity requirement. It is currently comprised of at least 35 individuals, with additional individuals joining the class as they receive denials of coverage based on the GTAS Policy's Age-Exclusion. Class actions have been certified in cases involving significantly fewer class members than presented here. *See Jordan v. Los Angeles County,* 669 F.2d 1311, 1320 n.10 (9th Cir. 1982) (citing cases where classes of 7, 16, 18, 20, 25 and 26 members were certified); *Kazda v. Aetna Life Ins. Co.*, 2022 U.S. Dist. LEXIS 77880, at *24 (N.D. Cal. Apr. 26, 2022) (similar class action challenging health entity's application of exclusionary policy certified with 23–25 class members); *Grant v. Sullivan*, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (a court "may certify a class even if it is composed of as few as 14 members"); *Allen v. Isaac*, 99 F.R.D. 45, 49 (N.D. Ill. 1983) (certifying class of 17); *Bublitz v. E.I. du Pont de Nemours and Co.,* 202 F.R.D. 251, 255 (S.D. Iowa 2001) (certifying a class of 17 members). The proposed Class is well above the typical threshold for numerosity.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 10
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Joinder is also impractical here. "A class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical." *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 595 F. Supp. 1404, 1408 (D.C. Md. 1984). "[W]here joining all class members would serve only to impose financial burdens and clog the court's docket," numerosity is met. *McCluskey*, 268 F.R.D. at 675 (certifying a class of 27 members) *quoting Aguilar v. Melkonian Enters., Inc.*, 2007 U.S. Dist. LEXIS 8146, at *8 (E.D. Cal. Jan. 22, 2007) (certifying a class of 51 members).

"Where the class is not so numerous, however, other factors such as the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought, should be considered in determining impracticability of joinder." *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th at 835, citing *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996). If the practical value of joining each potential class member as a party is "slim to nonexistent and is plainly outweighed by the substantial logistical burdens that would entail", numerosity is also met. *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th at 837. Finally, where the proposed Class includes future class members, joinder is also impracticable. *Id.* at 838.

Here, at least 35 Premera enrollees had their pre-authorization requests for coverage and/or post-service claims denied under the GTAS Policy due solely to their age. These numbers alone demonstrate numerosity.[4]

But even considering the impracticability of joinder, numerosity is met. ***First,*** many of the denials come from non-Washington insured health plans. *See, e.g., Exh. C,*

---

[4] It is irrelevant to class certification that Premera covered 28 or more of claims under its unwritten exceptions to the GTAS policy or reversals by external review organizations. The Age-Exclusion is still Premera's standard practice and results in discrimination on the basis of sex and age, even if some Premera enrollees are lucky enough to be granted exceptions through Dr. Small's personal list of exceptions. *See* Motion for Partial Summ. J., §III.D.2.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 11
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

p. 159:2–8 (75% of Premera enrollees are not in Washington insured plans). Accordingly, they are geographically dispersed across the states served by Premera's nationwide TPA business. *Exh. PP,* (Premera's TPA business offers "nationwide plan[s]").

**Second,** the proposed Class includes future members, which also makes joinder impracticable. "[W]hen, as here, a class's membership changes continually over time, that factor weighs in favor of concluding that joinder of all members is impracticable." *A.B. v. Haw. State Dep't of Educ.,* 30 F.4th at 838.

**Third,** given that the Class seeks declaratory and injunctive relief, joinder is impracticable, as Class members will be constantly joining and aging out of the class:

> Given the purely equitable nature of the claims, there is little if any benefit to continually joining, or potentially dismissing, large numbers of additional class members. That makes the impracticability analysis all the more lopsided in favor of finding numerosity.

*Id.*

**Fourth,** all Class members are minors (or at least they were when they received Premera's denial) and are unable to pursue such litigation on their own. Where individual claimants may not be able to institute separate suits, joinder is impracticable. *Jordan v. Los Angeles County,* 669 F.2d at 1319, *vacated on other grounds,* 459 U.S. 810 (1982); *see, e.g., Borum v. Brentwood Vill., LLC,* 324 F.R.D. 1, 15 (D.D.C. 2018) (fact that many class members were minors supported the impracticality of joinder).

**Fifth,** given the high cost of representation, few people can bring their own litigation. Plaintiffs' counsel are not aware of any other case that has been brought against Premera challenging its application of the Age-Exclusion. Hamburger Decl., ¶3. *McCluskey,* 268 F.R.D. at 675–76 (fact that no other suit has been filed weighs in favor of the impracticality of joinder).

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 12
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**2.    Commonality Is Met Since the Litigation Will Be Driven by Common Answers to Class-Wide Questions**

Fed. R. Civ. P. 23(a)(2) requires a plaintiff to show that a question of law or fact is common to each member of the proposed class. Shared legal issues establish commonality:

> Indeed, Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Commonality only imposes a "limited burden" upon the plaintiff given that it "only requires a single significant question of law or fact." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).

> The Supreme Court has recently emphasized that commonality requires that the class members' claims "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." The plaintiff must demonstrate "the capacity of class wide proceedings to generate common answers" to common questions of law or fact that are "apt to drive the resolution of the litigation."

*Id.* at 588–89 (*quoting Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551). In a civil rights suit, "commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). Plaintiffs and the proposed Class members seek a determination of two core legal questions that apply to the class:  (1) Does Premera discriminate on the basis of sex when it applies the Age-Exclusion in its GTAS Policy to categorically eliminate coverage of gender-affirming chest surgery for minors while, at the same time, Premera does not apply the Age-Exclusion to the same or similar surgery when sought by minors with other health conditions? And (2) Does Premera discriminate on the basis of age when it

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 13
[Case No. 2:23-cv-00953-TSZ]

applies the Age-Exclusion in the GTAS Policy, without any genuine medical justification? The questions and their answers "are the 'glue' that holds together the putative class," because either the policy is unlawful as to every Class member or it is not. *Parsons,* 754 F.3d at 658. No "individualized determination" of these questions will be required. *Id.*

In a similar case before Judge Robert J. Bryan, this Court recently addressed commonality in a proposed class of transgender enrollees challenging a gender-affirming care exclusion administered by a different Blue Cross Blue Shield health plan:

> The harm alleged—Blue Cross's alleged discriminatory conduct in the processing of their claims—is common to all the class members. The class also seeks an order requiring Blue Cross to "reprocess and when, medically necessary and meeting other terms and conditions under the relevant plans, provide coverage (payment) for all denied pre-authorizations and denied claims for coverage … that were based solely upon exclusions for gender-affirming care." Individualized assessments are not required for the Court to grant this relief. Whether the class is entitled to this requested remedy can be addressed on a common basis.

*C.P.,* 2022 U.S. Dist. LEXIS 204480, at *14. Just as in *C.P.,* the common questions here will "generate common answers apt to drive the resolution of the litigation," and the injunctive and declaratory relief sought in this action will resolve the class claims "in one stroke." *Wal-Mart Stores, Inc.,* 564 U.S. at 350. Indeed, the answer to these common questions will determine whether declaratory, injunctive, and other equitable relief is merited and the appropriate scope of such relief. *See id.; K.M. v. Regence BlueShield,* 2014 U.S. Dist. LEXIS 9156, at *39–40 (W.D. Wash. Jan. 24, 2014); *Z.D.,* 2012 U.S. Dist. LEXIS 76498, at *8. Commonality is easily met here.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 14
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

### 3.    Plaintiffs' Claims Are Typical of the Claims of the Members of the Proposed Class

The test of typicality is whether (1) other members of the class have the same or similar injury, (2) the action is based on conduct that is not unique to the named plaintiffs, and (3) other class members have been injured by the same course of conduct. *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th at 839. All that is required is that class members have injuries similar to the class representatives and that those injuries result from the same course of conduct:

> When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually satisfied, irrespective of varying fact patterns which underlie individual claims.

*Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 648 (W.D. Wash. 2007) (*quoting Smith*, 2 F. Supp. 2d at 1342).

Under the Rule's permissive standards, representative claims are "typical" if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Typicality concerns "the nature of the claim or defense of the class representative, and not … the specific facts from which it arose or the relief sought." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted). "Indeed, even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories." *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). As a result, "[w]here an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice." *Id.* at 57–58.

Plaintiffs' claims are co-extensive with those of the proposed Class. Both Plaintiff A.B. and J.M. were denied coverage for gender-affirming chest surgery under Premera's

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 15
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

GTAS Policy because they are transgender and under 18 years of age. This action is based upon Premera's standard conduct in handling claims for gender-affirming chest surgery for transgender minors. *C.P.*, 2022 U.S. Dist. LEXIS 204480, at \*17. All other Class members have suffered the same injury — they have been denied coverage for the same treatment on the same basis. *Id.; see, e.g., Tech. Access Found. Health Benefit Plan v. Grp. Health Coop. (In re Z.D.)*, 2012 U.S. Dist. LEXIS 149610, at \*12 (W.D. Wash. Oct. 17, 2012) (where plaintiffs and the proposed class members have the same or similar injury, denial under the same challenged exclusion, typicality is met). A.B. and J.M., by and through their parents, are well-situated to seek the relief sought by the proposed Class. As described by the Court in *Fain:*

> The exclusion invidiously discriminates against Plaintiffs as much as it would other members of the class …. The relief sought is identical to other class members — the declaration of the exclusion's unlawfulness and an injunction precluding the enforcement of it.

*Id.,* 2022 U.S. Dist. LEXIS 137083, at \*10–11, affirmed in *Kadel*, 100 F.4th 122 (4th Cir. 2024). Typicality is established.

### 4. Representation Is Adequate

Rule 23(a)'s final requirement is that the representative plaintiff must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). "Adequate representation depends on the qualification of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (internal quotation marks and citations omitted). Stated differently, the Court must examine: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 16
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

(2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Plaintiffs A.B. and J.M. will fairly and adequately represent the class. By and through their parents, they are committed to the vigorous prosecution of this suit and views their interests as coextensive with the Class members, both known and unknown. Their claims and interests do not conflict with any interests of the proposed Class. *See generally*, L.B. Decl., ¶¶3–4; C.M. Decl., ¶¶4–5. A.B., J.M., and proposed Class members all have a common interest in seeing the ACA's non-discrimination requirements enforced and securing nondiscriminatory health coverage.

The second factor—competency of counsel—has now been subsumed under Fed. R. Civ. P. 23(g), the requirement that the Court appoint adequate class counsel. The declarations of counsel who represent the Plaintiffs establish that they (1) have done extensive work in identifying the claims in this action; (2) have far-reaching experience in transgender rights, health care discrimination, and class litigation; (3) are well versed in this area of the law; and (4) are willing to commit the resources necessary to vigorously prosecute this litigation. Fed. R. Civ. P. 23(g)(1)(A) (i)–(iv). *See* Hamburger Decl. ¶¶2–10; Gross Decl.; Diskin Decl.; Gonzalez-Pagan Decl. *See also C.P.*, 2022 U.S. Dist. LEXIS 204480, at *18–19 (holding "[a]dequacy of representation is met" after finding that Ms. Hamburger, Mr. Gross, and Mr. Gonzalez-Pagan "will fairly and adequately protect the interests of the class" and "intend to prosecute the case vigorously on behalf of the class," and have "experience in class actions"); *Dunakin*, 99 F. Supp. 3d at 1332 (noting Ms. Hamburger's prior experience in health-related class action litigation); *Unthaksinkum v. Porter*, 2011 U.S. Dist. LEXIS 111099, *45 (W.D. Wash. Sept. 28, 2011) (stating of Mr. Gross, among other proposed Class counsel, "[he] is a highly qualified attorney who has class action experience [and] is prepared to represent Class Representatives and class members.…"); *Fain*, 2022 U.S. Dist. LEXIS 137083, at *13 (Lambda Legal "has extensive

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 17
[Case No. 2:23-cv-00953-TSZ]

experience with civil right[s] and class action litigation, specifically with LGBT issues."); *Thornton v. Comm'r of Soc. Sec.*, 570 F. Supp. 3d 1010, 1048 (W.D. Wash. 2020) (noting that counsel, including Lambda Legal, "is competent and experienced in relevant constitutional litigation and class actions and has presented sufficient information to the court to satisfy this requirement"). The requirements of Fed. R. Civ. P. 23(a)(4) and 23(g) are met.

**C.    Certification of the Proposed Classes Is Proper under Fed. R. Civ. P. 23(b)(1) and/or (b)(2)**

Plaintiffs must demonstrate that the proposed Class falls into at least one of three categories under Rule 23(b). *Johnson v. City of Grants Pass*, 50 F.4th 787, 802 (9th Cir. 2022). Plaintiffs demonstrate that class certification is proper under either or both Rule 23(b)(1) and (b)(2).

**1.    The Claims in this Case Are Appropriate for Certification under Fed. R. Civ. P. 23(b)(1)**

Fed. R. Civ. P. 23(b)(1) authorizes class actions where section (a) conditions are met, and:

> (1) prosecuting separate actions by or against individual members of the class would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Subsection (A) of Fed. R. Civ. P. 23(b)(1) considers possible prejudice to the defendants. Class certification under Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members of the class alike." *Amchem Prods. v. Windsor*, 521

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 18
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

U.S. 591, 614, 117 S. Ct. 2231 (1997). Subsection (B) looks to possible prejudice to putative class members. *In re Ikon Office Sols., Inc. Sec. Litig.*, 191 F.R.D. 457, 466 (E.D. Pa. 2000). Both Rule 23 (b)(1)(A) and (B) considerations are present here.

This litigation, seeking equitable remedies against Premera in its insured business and when it acts as a TPA fits squarely in Rule 23(b)(1)(A). Not only does Premera have an obligation to comply with Section 1557 in both instances, but when Premera acts as an ERISA fiduciary, it is obligated to "apply plan provisions consistently with respect to similarly situated enrollees." *C.P.*, 2022 U.S. Dist. LEXIS 204480, at *20. Where a case involves a defendant that is an ERISA fiduciary "who must apply uniform standards to a large number of beneficiaries," certification under Rule 23(b)(1)(A) is proper to prevent Premera from being subjected to "incompatible standards" resulting from different legal interpretations. *See Howard v. Aetna Life Ins. Co.*, 2024 U.S. Dist. LEXIS 46721, at *33 (C.D. Cal. Feb. 27, 2024); *Wit v. United Behavioral Health*, 317 F.R.D. 106, 132–33 (N.D. Cal. 2016); *reversed on other grounds, Wit v. United Behavioral Health*, 79 F.4th 1068, 1086 (9th Cir. 2023); *see also Meidl v. Aetna, Inc.*, 2017 U.S. Dist. LEXIS 70223, at *56 (D. Conn. May 4, 2017) (certifying a class challenging the actions of a TPA that categorically excluded coverage of a particular treatment in the various health plans it administered); *Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 506 (N.D. Cal. 2017) (same); *Escalante v. Cal. Physicians' Serv.*, 309 F.R.D. 612, 620 (C.D. Cal. 2015) (same).

Rule 23 (b)(1)(B) considerations are also implicated. Certification under Rule 23(b)(1)(B) is permitted when "separate actions inescapably will alter the substance of the rights of others having similar claims." *McCluskey*, 268 F.R.D. at 677, *citing La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466–67 (9th Cir.1973); *D.T. v. NECA/IBEW Family Medical Care Plan*, 2019 U.S. Dist. LEXIS 50683, *22–24 (W.D. Wash. March 26, 2019) (certifying a class under Rule 23 (b)(1)(B) because "[t]he issues confronting every proposed class member is whether Defendants may deny coverage" based on a

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 19
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

categorical exclusion). Since Premera is required to consistently administer the GTAS Policy and the Age-Exclusion with respect to similarly-situated ERISA enrollees, and consistently with its fiduciary duties to non-ERISA enrollees, Premera must act in a similar fashion towards all Class members. *See Wit*, 317 F.R.D. at 132–33. Accordingly, the resolution of Plaintiffs' claim is dispositive of other similarly situated Class members' claims—"the quintessential (b)(1)(B) scenario." *Z.D.*, 2012 U.S. Dist. LEXIS 76498, at *18. The Court should certify this class under Rule 23(b)(1)(A) and (B).

### 2.    Certification is also proper under Fed. R. Civ. P. 23(b)(2)

Certification is appropriate under Fed. R. Civ. P. 23(b)(2) where the defendant has "acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Stated differently, certification is appropriate where injunctive or declaratory relief can be provided to all class members without engaging in a case-by-case analysis of each one's individual circumstances. *Wal-Mart Stores, Inc.*, 564 U.S. at 360 ("The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted … that the conduct … can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"). *See also Howard*, 2024 U.S. Dist. LEXIS 46721, at *34 (class certification under Rule 23(b)(2) is appropriate where all class members have been subjected to the same or similar challenged policy). "Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of class actions under Rule 23(b)(2). *Amchem Prods.*, 521 U.S. at 614.

Certification under Rule 23(b)(2) is also proper since injunctive and declaratory relief is sought. As the Ninth Circuit has explained, "the primary role of [Rule 23(b)(2)] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686. When "the relief sought is systemic, rather than individual, class-wide injunctive or declaratory relief may be appropriate" under Rule 23(b)(2). *Wilbur v. City of Mount*

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 20
[Case No. 2:23-cv-00953-TSZ]

*Vernon*, 298 F.R.D. 665, 669 (W.D. Wash. 2012). Here, Plaintiffs A.B., J.M., and the putative class seek a declaration that Premera violated their rights under the ACA's non-discrimination law when it administered and enforced the Age-Exclusion. Dkt. No. 34, p. 26, ¶2. They seek prospective and retrospective injunctive relief to stop Premera from administering or enforcing the Exclusion. *Id.*, ¶¶3–4. That is the typical Rule 23(b)(2) remedy. *Z.D.*, 2012 U.S. Dist. LEXIS 76498, *19–20. Certification of the proposed Class would fulfill the foundational purpose underlying Rule 23(b)(2) — to "foster institutional reform by facilitating suits that challenge widespread rights violations." *Parsons*, 754 F.3d at 686 (quotation omitted).

Furthermore, Rule 23(b)(2) supports the relief A.B. and J.M. seek in requiring Premera to re-process past claims for gender-affirming chest surgery that were administered in a discriminatory manner. Where, as here, a claim was denied because Premera applied a discriminatory standard when it evaluated claims for coverage, reprocessing of those claims absent the discriminatory standard is appropriate. *Wit v. United Behavioral Health,* 79 F.4th 1068, 1084 (9th Cir. 2023). This is the exact remedy that this Court imposed in *C.P. v. Blue Cross Blue Shield of Illinois.* After class certification, the court in *C.P.* entered an injunction requiring the defendant to process and re-process claims without administering the exclusions that violated Section 1557. *C.P.*, 2023 U.S. Dist. LEXIS 226044, at *12;[5] *Kazda v. Aetna Life Ins. Co.*, 2023 U.S. Dist. LEXIS 199175, at *34 (N.D. Cal. Nov. 6, 2023) ("Courts have recognized that class certification is appropriate under Rule 23(b)(2) when the plaintiff seeks a reprocessing injunction"); *Kazda*, 2022 U.S. Dist. LEXIS 77880, at *27 (same); *see also Tech. Access Found. Health Benefit*

---

[5] While BCBSIL appealed the substantive decision in *C.P. v. BCBSIL,* the insurer did not appeal (1) class certification or (2) the reprocessing remedy ordered. Hamburger Decl., ¶13; *see C.P. v. Blue Cross Blue Shield of Illinois*, No. 23-04331, Appellant's Opening Brief, Dkt. No. 17, Ninth Circuit Court of Appeals (April 12, 2024).

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 21
[Case No. 2:23-cv-00953-TSZ]

*Plan*, 2012 U.S. Dist. LEXIS 149610, at *29–30 (reprocessing ordered without illegal exclusion); *Thornton*, 570 F. Supp. 3d at 1050 (requiring reprocessing of benefits without the unconstitutional requirement).

No individualized inquiries are necessary in this case. *C.P.,* 2022 U.S. Dist. LEXIS 204480, at *21. Since Plaintiffs seek declaratory and injunctive relief from a broadly applied policy, certification under Rule 23(b)(2) is proper. *Id.,* citing *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1067 (9th Cir. 2021). And while there is no "ascertainability" or "administrative feasibility" requirement in the Ninth Circuit, *see Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017), Premera cannot claim any "administrative" difficulty in identifying Class members. All Class members have received a denial from Premera of their pre-authorization request or post-service claim for coverage for gender-affirming chest surgery based on the Age-Exclusion in the GTAS policy. All have been identified by Premera. Hamburger Decl., ¶16, *Exhs. HH, MM.*

**D.    The Class Period Begins on June 27, 2019**

The class period extends back four years from the filing of the original complaint because the statute of limitations for a Section 1557 claim is four years. *See* Dkt. No. 1 (filed on June 27, 2023). With the ACA, Congress did not establish a specific statute of limitations. Accordingly, the default federal statute of limitations of four years is proper. *See* 28 U.S.C. § 1658. *McGreevey v. PHH Mortg. Corp.*, 897 F.3d 1037, 1042 (9th Cir. 2018); *C.P.,* 2022 U.S. Dist. LEXIS 204480, at *10; *Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508, 515 (6th Cir. 2022); *Vega-Ruiz v. Northwell Health*, No. 20-315, 992 F.3d 61, 66 (2d Cir. 2021).

**V.    CONCLUSION**

This Motion should be granted and the class certified as:

> All individuals who have been, are, or will be participants or beneficiaries in Premera health plans and/or health benefit plans (whether insured or administered by Premera) who required, require, or will require treatment with gender-

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 22
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

affirming chest surgery to treat their diagnosis of gender dysphoria, and who were or will be denied pre-authorization or coverage of such surgery because they were or are under the age of 18.

The named plaintiffs A.B. and J.M., by and through their respective parents, should be appointed as class representatives, and with the law firms of Sirianni Youtz Spoonemore Hamburger, Lambda Legal and Q Law Foundation, appointed as class counsel.

DATED:  July 22, 2024.

*I certify that the foregoing contains 7,167 words, in compliance with the Local Civil Rules.*

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

  /s/ Eleanor Hamburger
Eleanor Hamburger (WSBA #26478)
Email:  ehamburger@sylaw.com

  /s/ Daniel S. Gross
Daniel S. Gross (WSBA #23992)
Email:  dgross@sylaw.com
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

  /s/ Omar Gonzalez-Pagan
Omar Gonzalez-Pagan
*(Admitted Pro Hac Vice)*
Email:  ogonzalez-pagan@lambdalegal.org
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (646) 307-7406; Fax (212) 658-9721

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 23
[Case No. 2:23-cv-00953-TSZ]

Q LAW FOUNDATION OF WASHINGTON

  /s/ J. Denise Diskin
J. Denise Diskin (WSBA #41425)
Email:  denise@qlawfoundation.org
400 East Pine Street, Suite 225
Seattle, WA 98122
Tel. (206) 483-2725

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION – 24
[Case No. 2:23-cv-00953-TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246