HONORABLE JUDGE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B., by and through his parents, L.B. and M.B., on his own behalf and on behalf of similarly situated others; L.B.; M.B.; C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H., <br><br>                      Plaintiffs, <br><br> vs. <br><br> PREMERA BLUE CROSS, <br><br>                      Defendant. | Case No. 2:23-cv-00953-TSZ <br><br> **PREMERA BLUE CROSS'S RESPONSE TO MINUTE ORDER REGARDING SEALING [DKT. 66]** <br><br> **NOTED FOR CONSIDERATION: SEPTEMBER 6, 2024** |

Defendant Premera Blue Cross ("Premera") hereby responds to the Court's Minute Order [Dkt. No. 66] regarding the sealing of Exhibits CC & FF to the Declaration of Eleanor Hamburger [Dkt. Nos. 47-2 & 47-3]. Exhibit CC contains proprietary Premera information discussed internally by Premera's medical directors and reveals Premera's confidential business processes. Exhibit FF also contains proprietary Premera information and is further exempt from public disclosure pursuant to RCW 48.37.080(1).

**I.      Legal standard for maintaining documents under seal.**

To determine whether to seal court records, a court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). What constitutes a "compelling

RESPONSE TO MINUTE ORDER ON SEALING [DKT. 66] – 1
CASE NO.: 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

reason" for sealing a record "is 'best left to the sound discretion of the trial court.' Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## II.     Exhibit CC should be maintained under seal.

Exhibit CC [Dkt. No. 47-2] contains confidential and proprietary information that should not become part of the public record for this case.

In this action, Plaintiffs have brought claims on behalf of themselves and a class of individuals under the age of 18 seeking coverage for transgender-related surgery. Plaintiffs allege that this Court should enjoin Premera from applying a provision in its medical policy that limits gender-affirming surgery to those 18 years and older because it violates prohibitions against discrimination on the basis of sex and age in Section 1557 of the Affordable Care Act ("ACA"), which incorporates Title IX of the Civil Rights Act of 1964.

Exhibit CC contains proprietary information discussed by internal Premera employees about Section 1557 and age limitations in Premera medical policies and reveals Premera's confidential business processes, including the processes for the development and review of Premera's medical policies as a whole. Access to this document should be limited because this confidential information contains "sources of business information that might harm [Premera's] competitive standing." *Nixon*, 435 U.S. at 598; *see also Carpenter v. United States*, 484 U.S. 19, 26 (1987) ("Confidential business information has long been recognized as property.").

The risk of competitive harm is widely accepted as a compelling reason to grant a motion to seal. *See, e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1097 (determining the release of a document that may harm a litigant's competitive standing is a compelling reason to seal a document); *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021) (affirming district court's seal of "sensitive, commercially competitive material"); *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 (10th Cir. 2016) (sealing "proprietary business

RESPONSE TO MINUTE ORDER ON SEALING [DKT. 66] – 2
CASE NO.: 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

information"); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (requiring district court to seal document that, if released, would cause competitive harm to a business); *In re Elec. Arts*, *Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

This internal Premera document is competitively sensitive because Premera's competitors would gain an unfair advantage if they learned details regarding Premera's internal processes for developing and reviewing its medical policies.. It is also competitively sensitive because it reveals the proprietary decisions made by Premera medical directors, who play a non-public decision-making role, which is the quintessential type of "business information that might harm a litigant's competitive standing" protected by *Nixon* and its progeny.  *See* 435 U.S. at 598.

### III.     Exhibit FF should be maintained under seal.

Exhibit FF [Dkt. No. 47-3] also contains proprietary information that is competitively sensitive, exempt from disclosure under Washington law, and should not become part of the public record for this case.

Exhibit FF contains Premera's response to a market conduct exam issued by the Washington Office of the Insurance Commissioner ("OIC").  This response is exempt from public disclosure pursuant to RCW 48.37.080(1), which states that all documents disclosed to the OIC "in the course of any market conduct actions or examinations" or "in the course of market analysis by the commissioner of the market conditions of an insurer" shall be "confidential by law and privileged" and shall not be "admissible in evidence in any private civil action."  This statutory provision, which furthers public policy encouraging disclosure on the part of regulated entities to respond fully to market conduct exams, requires that the seal of this document should be maintained.

Exhibit FF, which incorporates non-public Premera information concerning coverage for transgender-related surgeries for minors, also contains proprietary business information that would "harm [Premera's] competitive standing." *Nixon*, 435 U.S. at 598.  Specifically, it includes numerical data on approvals, denials, and internal and external appeals for Premera members. This confidential information, if publicly disclosed, could be beneficial to Premera's

RESPONSE TO MINUTE ORDER ON SEALING [DKT. 66] – 3
CASE NO.: 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

competitors and impact Premera's market share. As discussed above, the risk of competitive harm is widely accepted as a compelling reason to grant a motion to seal.

**IV.     Conclusion.**

For these reasons, Premera respectfully requests that this Court maintain Exhibits CC and FF [Dkt. Nos. 47-2, 47-3] under seal.

Respectfully submitted this 6th day of September, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By     /s/ Gwendolyn C. Payton
Gwendolyn C. Payton, WSBA No. 26752
gpayton@ktslaw.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714
Facsimile: (206) 623-6793

*Counsel for Defendant Premera Blue Cross*

RESPONSE TO MINUTE ORDER ON SEALING [DKT. 66] – 4
CASE NO.: 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY under the penalty of perjury that on the 6th day of September, 2024, I served the foregoing **PREMERA BLUE CROSS'S RESPONSE TO MINUTE ORDER REGARDING SEALING [DKT. 66]** upon the following via:

| | |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S. Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>       dgross@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>120 WALL STREET 19TH FLOOR<br>NEW YORK, NY 10005<br>646-307-7406<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **J. Denise Diskin**<br>Q LAW FOUNDATION OF WASHINGTON<br>400 EAST PINE STREET STE 225<br>SEATTLE, WA 98122<br>206-483-2725<br>Email: denise@qlawfoundation.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 6th day of September, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
         Gwendolyn C. Payton, WSBA #26752

*Counsel for Defendant Premera Blue Cross*

CERTIFICATE OF SERVICE - 5
CASE NO. 2:23-CV-00953-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946