HONORABLE JUDGE THOMAS S. ZILLY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| A.B., by and through his parents, L.B. and M.B., on his own behalf and on behalf of similarly situated others; L.B.; M.B.; C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H.,<br><br>Plaintiffs,<br><br>vs.<br><br>PREMERA BLUE CROSS,<br><br>Defendant. | Case No. 2:23-cv-00953-TSZ<br><br>**DEFENDANT PREMERA BLUE CROSS' REPLY BRIEF ON STANDING AND MOOTNESS**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 13, 2024** |

Pursuant to this Court's Minute Order, Dkt. 63, Premera submits this reply brief addressing the issues of standing and mootness raised in the August 15, 2024 hearing before this Court.

**I.  Standing and mootness are distinct doctrines.**

Premera agrees that standing and mootness are distinct, yet related, doctrines. Under Article III of the Constitution, the plaintiff must have a sufficient "personal stake in the lawsuit . . . to make out a concrete 'case' or 'controversy'" to which federal judicial power may extend. *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) (citation omitted), *as amended* (Aug. 11, 2000). As the U.S. Supreme Court explained in *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167 (2000), the "requisite personal interest that must exist at the commencement of the litigation (standing) must

DEFENDANT PREMERA BLUE CROSS'
REPLY BRIEF ON STANDING AND MOOTNESS – 1
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78767420 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

continue throughout its existence (mootness)." *Id.* at 189. So even if a case or controversy exists at the outset, the case may become moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010). This is because "[a] case or controversy must exist at all stages of review, not just at the time the action is filed." *Id.*

Named Plaintiff A.B. has never had standing to seek injunctive relief because A.B. had the surgery in question on the same day that A.B. and his parents initiated this action. Named Plaintiff J.M. had standing to seek injunctive relief at the time the lawsuit was filed, but it is undisputed that J.M.'s individual claims for injunctive relief will become moot when J.M. turns 18 in late 2024.

**II.    The mootness doctrine applies differently in the class action context.**

Premera acknowledges there is authority in the Ninth Circuit supporting the idea that if the class is certified before the named plaintiff's individual claims become moot, the named plaintiff can still seek relief on behalf of the class if certain requirements are met. *See Johnson v. City of Grants Pass*, 72 F.4th 868, 884 (9th Cir. 2023), *rev'd and remanded on other grounds*, 144 S. Ct. 2202 (2024). Those requirements include that (1) the class must be properly certified, or the class representative must be appealing the denial of class certification; (2) the class representative is a member of the class *and* had standing to sue at the time class certification was granted or denied; (3) the unnamed class members still have a live interest in the relief sought; and (4) the named representative will adequately pursue the interests of the class even though his or her own interest has expired. *Id.* at 884 & n.18.

If the class is not certified before the class representative's claims become moot, then the class claims are also moot unless an exception—such as the "inherently transitory" exception—applies.

DEFENDANT PREMERA BLUE CROSS'
REPLY BRIEF ON STANDING AND MOOTNESS – 2
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78767420 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

**III.     The "inherently transitory" exception to the mootness doctrine does not apply here.**

The U.S. Supreme Court has recognized a limited exception to the mootness doctrine in the class action context that applies only when "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (citation omitted).  The "inherently transitory" exception does not apply here for two separate reasons: (1) based on J.M.'s age, it is and has always been certain that J.M.'s claim would become moot in late 2024; (2) other class members are young enough that the Court would have sufficient time to rule on class certification before their claims become moot.

**A.     Plaintiffs forfeited any reliance on the inherently transitory doctrine by engaging in unreasonable delay.**

Courts routinely refuse to apply the exception when the named plaintiff knew, from the outset, exactly how long his or her claim would remain alive but chose to wait to file for class certification until the claim was nearly moot or already moot.  *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 159 (6th Cir. 2010).   That is precisely what Plaintiffs did here.

In *Banks v. NCAA*, 977 F.2d 1081 (7th Cir. 1992), the plaintiff knew from the outset that his claim alleging violations of the Sherman Act based an NCAA eligibility policy would become moot within 120 days based on the start date of his NCAA football season, but he chose to wait 112 days before filing his complaint seeking injunctive relief.  *Id.* at 1086.  The Seventh Circuit relied on this filing delay to find that *Banks* could not benefit from the "inherently transitory" exception to the mootness doctrine.  *See id.* ("Had Banks been diligent in filing his claim shortly after discovering that he had failed to be selected for the draft or as a free agent, and still been unable to obtain class certification, he might have been able to make an argument for the class that he had standing for the purpose of pursuing a ruling on class certification even though his own individual claim had become moot.").

Likewise, in *Trotter v. Klincar*, 748 F.2d 1177 (7th Cir. 1984), the Seventh Circuit refused

DEFENDANT PREMERA BLUE CROSS'
REPLY BRIEF ON STANDING AND MOOTNESS – 3
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78767420 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

to apply the inherently transitory doctrine because the named plaintiff had a live claim for seventy days but never filed for class certification during that brief time period.

In *O'Quinn v. Fries*, No. 1:13-cv-14, 2014 WL 309178 (N.D. Ind. Jan. 27, 2014), the court found that the plaintiff failed to qualify under the "inherently transitory" exception because he failed to file his motion for class certification until more than six months after the complained-of activity. *Id.* at *4; *see also Davis v. Astrue*, No. CV 12-0388 WPL/KBM, 2012 WL 12882370, at *5 (D.N.M. Dec. 17, 2012) (refusing to apply inherently transitory exception when the plaintiff knew of the forthcoming mootness for at least four months but failed to timely move for class certification).

Here, as in *Gawry*, *Banks*, *Trotter*, *O'Quinn*, and *Davis*, the "inherently transitory" exception does not apply because Plaintiffs have always known precisely when J.M.'s injunctive relief claims would become moot: on the day of J.M.'s eighteenth birthday in late 2024. And Plaintiffs knew about J.M.'s claims over a year before J.M. turned 18. Plaintiffs could have immediately sought a preliminary injunction or otherwise asked for expedited class certification proceedings. Yet Plaintiffs waited over seven months to add J.M. as a named plaintiff, never sought any emergency relief, did not oppose a discovery schedule that lasted well beyond J.M.'s eighteenth birthday at the time it was entered by the Court, and waited over eight months after learning of J.M.'s putative claim before moving for class certification. Plaintiffs forfeited any reliance on the inherently transitory doctrine by engaging in unreasonable delay, which created the risk of mootness that need not have existed.

**B.    The inherently transitory exception does not apply because it is certain that other class members will remain in the class long enough to certify the class.**

To fall within the inherently transitory exception, the class claims must also be truly transitory: it must be "uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class." *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010) (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)). In *Olson*, for example, the court found that it was uncertain "that any potential named plaintiff in the class of

DEFENDANT PREMERA BLUE CROSS'
REPLY BRIEF ON STANDING AND MOOTNESS – 4
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78767420 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

inmates would have a live claim long enough for a district court to certify a class" because "the length of incarceration in a county jail generally cannot be determined at the outset and is subject to a number of unpredictable factors." *Id.*; *see also Gawry*, 395 F. App'x at 158-59 ("[T]he crux of the inherently transitory exception is 'the uncertainty about the length of time a claim will remain alive.'").

The opposite is true here. As is the case with named plaintiff J.M., the birth dates of the absent class members are certain. In the putative class of 35 members, there is one class member who is currently fifteen years old and four class members who are currently sixteen years old. Payton Decl. ¶ 3, Ex. A. There is no question that this Court would have sufficient time to determine the merits of the claims of these absent class members before they turn eighteen. *See Fund for Animals, Inc. v. Hogan*, 428 F.3d 1059, 1064 (D.C. Cir. 2005) ("As a general rule, two years is enough time for a dispute to be litigated."); *Gawry*, 395 F. App'x at 159. Because the claims of these members are not inherently transitory, the exception does not apply here.

Even though the inherently transitory exception does not apply in this case, this Court has set a briefing schedule which contemplates issuing a ruling on class certification before J.M. turns 18, which would render the exception inapplicable in any event.

### IV.  J.M.'s parents will not be adequate class representatives after J.M. reaches the age of 18.

After J.M. reaches the age of 18 and his claims for injunctive relief become moot, the claims of J.M.'s parents will likewise be moot. Both standing and mootness look to "the plaintiff's *personal* stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy'" to which federal judicial power may extend. *Pershing Park Villas Homeowners*, 219 F.3d at 899 (emphasis added).

Premera is not currently aware of any authority supporting the idea that J.M.'s parents could remain adequate class representatives after J.M. reaches the age of 18. Moreover, J.M.'s parents sued only "on behalf of their minor child J.M." Dkt. 34, at 1. The amended complaint fails to allege that J.M.'s parents have any personal stake in this litigation outside of the coverage

DEFENDANT PREMERA BLUE CROSS'
REPLY BRIEF ON STANDING AND MOOTNESS – 5
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78767420 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

claims of their minor child J.M.[1] J.M.'s parents are over the age of 18, and there is no evidence in the record or allegations in the operative complaint that J.M.'s parents have another minor child seeking coverage from Premera for top surgery to treat gender dysphoria or otherwise meet the class definition. The only reason J.M.'s parents are named Plaintiffs is that J.M. is currently a minor and a dependent of a plan administered by Premera for which J.M.'s parent is a member. Indeed, once J.M. is over 18, his parents no longer have standing to litigate on his behalf, even if *he* had standing. *See Diamond v. Charles*, 476 U.S. 54, 67 (1986).

Because J.M. can no longer be harmed by the complained-of provision in Premera's medical policy once J.M. turns 18, based on the class definition and the manner in which Plaintiffs have framed their complaint, J.M.'s parents also can no longer be harmed either. Accordingly, there is no case or controversy with respect to J.M.'s parents because their claims will become moot for the same reason that J.M.'s claims will become moot.

Dated this 13th day of September, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By    */s/ Gwendolyn C. Payton*
  Gwendolyn C. Payton, WSBA No. 26752
  gpayton@ktslaw.com
  1420 Fifth Ave., Suite 3700
  Seattle, WA 98101
  Telephone: (206) 626-7714
  Facsimile: (206) 623-6793

*Counsel for Premera Blue Cross*

---

[1] The amended complaint baldly alleges that "J.M. . . . and his parents . . . are being discriminated against on the basis of sex" and "are also being discriminated against on the basis of age." Dkt. 34 ¶ 5. But the amended complaint contains no *factual allegations* plausibly alleging that Premera made any decisions, or otherwise discriminated, based on the sex or age of *J.M.'s parents*. Legal conclusions styled as factual allegations should be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

DEFENDANT PREMERA BLUE CROSS'
REPLY BRIEF ON STANDING AND MOOTNESS – 6
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78767420 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANT PREMERA BLUE CROSS' REPLY BRIEF ON STANDING AND MOOTNESS to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S. Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>    dgross@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>120 WALL STREET 19TH FLOOR<br>NEW YORK, NY 10005<br>646-307-7406<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **J. Denise Diskin**<br>Q LAW FOUNDATION OF WASHINGTON<br>400 EAST PINE STREET STE 225<br>SEATTLE, WA 98122<br>206-483-2725<br>Email: denise@qlawfoundation.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 13th day of September, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752

*Counsel for Premera Blue Cross*

CERTIFICATE OF SERVICE - 7
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 78767420 3