HONORABLE JUDGE THOMAS S. ZILLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

L.B. and M.B., on behalf of their minor child A.B., and on behalf of similarly situated others; L.B.; M.B., C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H.,

Plaintiffs,

vs.

PREMERA BLUE CROSS,

Defendant.

Case No. 2:23-cv-00953-TSZ

**DEFENDANT PREMERA BLUE CROSS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR: OCTOBER 28, 2024**

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. Factual and Procedural Background ....................................................................................... 1

III. Argument .............................................................................................................................. 2

    A.  Plaintiffs cannot meet the standard for class certification. ............................................. 2

        1.  Plaintiffs must prove that they seek benefits for medically necessary services, which gives rise to no common questions. ....................................................... 2

        2.  Some alleged class members' claims were denied for reasons other than the Medical Policy's age limitation, which precludes common questions. ...................... 4

        3.  Plaintiffs cannot show commonality because the two named Plaintiffs are entitled to different forms of relief: damages and injunctive relief. ............................. 7

    B.  The named Plaintiffs' claims are not typical of other proposed class members and do not adequately represent the class. .......................................................................... 9

        1.  A.B.'s and J.M.'s claims are not typical of the class. ............................................. 9

        2.  The cases Plaintiffs cite to support typicality do not apply here. .......................... 9

    C.  The Court must deny certification because the class is not sufficiently numerous, is geographically condensed in Washington, and is capable of joinder. .......................... 10

        1.  Plaintiffs cannot satisfy numerosity because only nine class members are under age eighteen and have standing to seek injunctive relief. .................................... 10

        2.  Plaintiffs cannot establish numerosity because only four putative class members participate in plans that receive federal financial assistance. ................................. 11

        3.  Plaintiffs cannot establish numerosity because the class is not geographically dispersed and is easily identifiable, making joinder practicable. ........................... 11

        4.  Plaintiffs cannot establish numerosity because Plaintiffs' class is limited by the three-year statute of limitations. ........................................................................ 12

    D.  Certification is improper under Rules 23(b)(1) and 23(b)(2). ...................................... 13

        1.  Plaintiffs cannot satisfy Rule 23(b)(1)(A). .......................................................... 13

        2.  Plaintiffs cannot satisfy Rule 23(b)(1)(B). .......................................................... 14

        3.  The cases Plaintiffs rely on for certification under Rule 23(b)(1) do not apply. ...... 14

        4.  Plaintiffs are not entitled to relief under either Rule 23(b)(1) or 23(b)(2) because they seek monetary relief. .................................................................................. 15

        5.  Plaintiffs' class claims seek an interim remedy that will not afford any "final" relief as required by Rule 23(b)(2). ......................................................................... 18

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – i
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Products v. Windsor*,
    521 U.S. 591 (1997) ...........................................................................................13

*Barnes v. Gorman*,
    536 U.S. 181 (2002) ...........................................................................................18

*Berndt v. California Department of Corrections*,
    No. C 03-3174 VRW, 2010 WL 2035325 (N.D. Cal. May 19, 2010) ..............2, 3

*Berry v. Schulman*,
    807 F.3d 600 (4th Cir. 2015) .............................................................................17

*C. P. v. Blue Cross Blue Shield of Illinois*,
    No. 3:20-CV-06145-RJB, 2023 WL 8777349 (W.D. Wash. Dec. 19, 2023)..................9, 10

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
    596 U.S. 212 (2022) ...........................................................................................18

*Day v. Humana Insurance*,
    335 F.R.D. 181 (N.D. Ill. 2020) .......................................................................6, 7

*Des Roches v. California Physicians' Service*,
    320 F.R.D. 486 (N.D. Cal. 2017) ..................................................................14, 15

*Doe v. Snyder*,
    28 F.4th 103 (9th Cir. 2022)..........................................................................3, 10

*eBay v. MercExchange*,
    547 U.S. 388 (2006) .............................................................................................8

*Ebert v. General Mills*,
    823 F.3d 472 (8th Cir. 2016) .............................................................................19

*Escalante v. California Physicians' Service*,
    309 F.R.D. 612 (C.D. Cal. 2015)........................................................................15

*Estate of Felts v. Genworth Life Insurance*,
    250 F.R.D. 512 (W.D. Wash. 2008) ..............................................................11, 14

*Fain v. Crouch*,
    342 F.R.D. 109 (S.D. W.Va. 2022) *aff'd*, 100 F.4th 122 (4th Cir. 2024),
    *petition for cert. filed*, No. 24-99 (U.S. July 30, 2024) ....................................10

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

*Fotta v. Trustees of United Mine Workers of America*,
    319 F.3d 612 (3d Cir. 2003) .................................................................................2

*General Teleephone Company v. EEOC*,
    446 U.S. 318 (1980) .........................................................................................11

*Gries v. Standard Ready Mix Concrete*,
    252 F.R.D. 479 (N.D. Iowa 2008) ....................................................................11

*Holmes v. Pension Plan of Bethlehem Steel Corporation*,
    213 F.3d 124 (3d Cir. 2000) .................................................................................2

*Jamie S. v. Milwaukee Public Schools*,
    668 F.3d 481 (7th Cir. 2012) ...............................................................................2

*Johnson v. Departments of Army & Air Force*,
    465 F. App'x 644 (9th Cir. 2012).......................................................................12

*Kartman v. State Farm Mutual Automobile Insurance Company*,
    634 F.3d 883 (7th Cir. 2011) ...............................................................17, 18, 19

*M.S. v. Premera Blue Cross*,
    No. 22-4056, 2024 WL 4356319 (10th Cir. Oct. 1, 2024) ...................................3

*Meidl v. Aetna*,
    No. 15-cv-1319 (JCH), 2017 WL 1831916 (D. Conn. May 4, 2017) .................15

*Northeastern Florida Chapter of Associated General Contractors of America v.
    City of Jacksonville*,
    508 U.S. 656 (1993) .........................................................................................18

*In re Optical Disk Drive Antitrust Litigation*,
    303 F.R.D. 311 (N.D. Cal. 2014) .........................................................................9

*Palacios v. MedStar Health*,
    298 F.Supp.3d 87 (D.D.C. 2018).......................................................................12

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ...............................................................................9

*In re Phenylpropanolamine Products Liability Litigation*,
    208 F.R.D. 625 (W.D. Wash. 2002) ..................................................................14

*Randall v. Rolls-Royce Corporation*,
    637 F.3d 818 (7th Cir. 2011) .............................................................................19

*Robinson v. Metro-North Commuter R.R. Company*,
    267 F.3d 147 (2d Cir. 2001) ..............................................................................17

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – iii
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

*Romberio v. UnumProvident Corporation*,
   385 F. App'x 423 (6th Cir. 2009)................................................................2

*Sanft v. Winnebago Industries*,
   214 F.R.D. 514 (N.D. Iowa 2003) ...........................................................11

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ....................................................................8

*Schubert v. Anthem Blue Cross*,
   No. CV-14-06221-MWF-JC, 2015 WL 13916131 (C.D. Cal. Oct. 2, 2015)........................2

*Sherwin-Williams v. JB Collision Services*,
   768 F. App'x 756 (9th Cir. 2019) ........................................................8, 16

*Smith v. Highland Hospitlal of Rochester*,
   No. 17-CV-6781-CJS, 2018 WL 4748187 (W.D.N.Y. Oct. 2, 2018) ...............12

*Solis v. Our Lady of the Lake Ascension Community Hospital*,
   No. 18-56-SDD-RLB, 2020 WL 2754917 (M.D. La. May 27, 2020)................12

*Spann v. AOL Time Warner*,
   219 F.R.D. 307 (S.D.N.Y. 2003)........................................................13, 14

*Tomei v. Parkwest Medical Center*,
   24 F.4th 508 (6th Cir. 2022) ...................................................................13

*Tyson Foods v. Bouaphakeo*,
   577 U.S. 442 (2016) ................................................................................8

*Ukwuoma v. Marine*,
   907 F.2d 155 (9th Cir. 1990) ...............................................................8, 16

*Vega-Ruiz v. Northwell Health*,
   992 F.3d 61 (2d Cir. 2021) .................................................................12, 13

*Wal-Mart Stores v. Dukes*,
   564 U.S. 338 (2011) ......................................................................2, 6, 7, 16

*Walsh v. Great Atlantic & Pacific Tea Company*,
   726 F.2d 956 (3d Cir. 1983) ....................................................................17

*Wang v. Chinese Daily News*,
   737 F.3d 538 (9th Cir. 2013) ....................................................................2

*Ward v. Our Lady of the Lake Hospital*,
   No. 18-00454-BAJ-RLB, 2020 WL 414457 (M.D. La. Jan. 24, 2020) ................12

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – iv
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

*Wit v. United Behavioral Health,*
    317 F.R.D. 106 (N.D. Cal. 2016) ...............................................................................4

*Wit v. United Behavioral Health,*
    No. 24-242, 2024 WL 4036574 (9th Cir. Sept. 4, 2024)...........................................4

*Wit v. United Behavioral Health,*
    79 F. 4th 1068 (9th Cir. 2023) ....................................................................4, 6, 14, 15

**Statutes**

42 U.S.C. § 18116 .............................................................................................. *passim*

42 U.S.C. § 18116(a) ....................................................................................................18

RCW 4.16.080(2) ..........................................................................................................12

**Rules & Regulations**

Fed. R. Civ. P. 23(a) ...........................................................................................1, 2, 13

Fed. R. Civ. P. 23(a)(4) .................................................................................................9

Fed. R. Civ. P. 23(b) ....................................................................................................19

Fed. R. Civ. P. 23(b)(1) ...................................................................................... *passim*

Fed. R. Civ. P. 23(b)(1)(A) ..........................................................................................13

Fed. R. Civ. P. 23(b)(1)(B) .....................................................................................14, 18

Fed. R. Civ. P. 23(b)(2) ...................................................................................... *passim*

Fed. R. Civ. P. 23(b)(3) ...........................................................................................15, 17

**Other Authorities**

*Claims for injunctive relief, 1 McLaughlin on Class Actions § 5:15 (20th ed.)*...........................19

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – v
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

## I. INTRODUCTION

Plaintiffs allege that Premera's Medical Policy on gender surgery discriminates on the basis of age and sex in violation of Section 1557 of the Affordable Care Act by unlawfully restricting gender surgery to individuals ages eighteen and older. Plaintiffs seek to certify a class under Rules 23(b)(1) and 23(b)(2) of individuals whose gender surgery was denied due to age. The Court should deny Plaintiffs' motion.

First, Plaintiffs cannot show that the putative class satisfies the commonality requirement of Rule 23(a). Resolving the claims of the Plaintiffs A.B. and J.M. requires individualized, fact-intensive inquiries.

Second, the named Plaintiffs' claims are not typical and thus they do not adequately represent the class. A.B. and J.M.'s surgeries are not medically necessary. Thus, neither A.B. nor J.M. suffered "the same or similar injury" as the absent class members.

Third, the class is not sufficiently numerous and is capable of joinder. More, the overwhelming majority of the purported class members reside in Washington and thus are capable of joinder.

Plaintiffs cannot satisfy Rules 23(b)(1) or (b)(2). As Plaintiffs acknowledge, Premera treats each claim on an individual basis. Coverage for one putative class member would have no bearing on coverage for another. Moreover, Plaintiffs are not entitled to relief under either Rule 23(b)(1) or 23(b)(2) because they seek "reprocessing," which is really just money. They have an adequate remedy at law to make them whole. Finally, "reprocessing" is not final relief and prohibited under Rule 23(b)(2).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Premera's factual and procedural background are set forth in its Cross-Motion for Summary Judgment.

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 1
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

### III.  ARGUMENT

**A.    Plaintiffs cannot meet the standard for class certification.**

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 348 (2011).  To justify departure from this rule, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Id.*  Plaintiffs bear the burden of satisfying each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b).  *Wang v. Chinese Daily News*, 737 F.3d 538, 542 (9th Cir. 2013).  As in *Dukes*, a Title VII case, "there is not here" even a single common question because Plaintiffs cannot prove "in one stroke" that Premera discriminates on the basis of sex against the entire putative class. *Id.* at 350, 359 ("Because respondents provide no convincing proof of a companywide discriminatory [] policy, we have concluded that they have not established the existence of any common question.").

### 1.    Plaintiffs must prove that they seek benefits for medically necessary services, which gives rise to no common questions.

Courts routinely hold that if the medical inquiry required to determine coverage is individualized, a class cannot be certified.[1]    Plaintiffs are required to make an individualized

---

[1] *Romberio v. UnumProvident*, 385 F. App'x 423, 433 (6th Cir. 2009) (class certification not possible because of the need for "an individualized review of every claim that was denied"); *Fotta v. Trs. of United Mine Workers of Am.*, 319 F.3d 612, 619 (3d Cir. 2003) (rejecting certification of ERISA claims because "both liability and the appropriate remedy must be determined for each plaintiff," so "no common issues of law or fact exist"); *Holmes v. Pension Plan of Bethlehem Steel*, 213 F.3d 124, 137–38 (3d Cir. 2000) (affirming district court's denial of class certification for beneficiaries alleging their benefits were wrongfully delayed because "the issue of liability itself requires an individualized inquiry into the equities of each claim"); *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 495–96 (7th Cir. 2012) (reversing certification because "resolving any individual class member's claim for relief" required "an inherently particularized inquiry into the circumstances of the child's case," including case-specific judgment by a "trained and particularized professional"); *Schubert v. Anthem Blue Cross*, No. CV-14-06221-MWF-JC, 2015 WL 13916131, at *8 (C.D. Cal. Oct. 2, 2015) (denying class certification because the class raised "a litany of individual issues" and recovery depended on "a myriad of individual questions, such that no single trial can possibly resolve all class claims"); *Berndt v. Cal. Dep't of Corrs.*, No. C 03-3174 VRW, 2010 WL 2035325, at *1, *3 (N.D. Cal. May 19, 2010) (denying class certification because there was "no easy way to determine class membership . . . without the court conducting individualized analyses based on the merits of each case").

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 2
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

showing to demonstrate that the requested services are medically necessary in Section 1557 cases.

In *Doe v. Snyder*, 28 F.4th 103 (9th Cir. 2022), the court affirmed the denial of a preliminary injunction after finding that the minor plaintiff was not likely to succeed in discrimination on the basis of sex because the Medicaid Act requires coverage only for medically necessary services. *Id.* at 114. The court explained that "Doe failed to provide a declaration from any [treating provider] that attested to the necessity and suitability of the surgery in his particular case." *Id.* at 113–14. The Ninth Circuit emphasized that a gender-affirming care coverage decision turns on individual "facts specific to Doe and the irreversible nature of the surgery," and the plaintiff failed to show they were likely to succeed in making that individualized showing. *Id.* at 106, 111.

This individual-circumstances requirement applies equally in the class action context: each class member must put forth facts specific to his or her individual circumstances to show entitlement to coverage. Plaintiffs themselves recognize that they must prove the medical necessity of each treatment. Am. Compl. ¶145. Plaintiffs' "common" question therefore requires "minefields of subjectivity" requiring individualized adjudication just to decide class membership. *Berndt*, 2010 WL 2035325, at *1, *3. This Court would have to make individualized medical necessity determinations to determine class membership under the proposed Class Definition. This precludes class certification.

Without a showing that their surgeries are medically necessary, Plaintiffs seek only an advisory opinion regarding whether Premera's Medical Policy violates Section 1557 and therefore lack Article III standing to seek any relief. As the Tenth Circuit recently held in an analogous benefits case, Plaintiffs will lack Article III standing if they do not show that their claims benefit was medically necessary because they cannot "demonstrate[] how they have been concretely harmed." *M.S. v. Premera Blue Cross*, No. 22-4056, 2024 WL 4356319, at *10 (10th Cir. Oct. 1, 2024). The same is true here.

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 3
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

**2.    Some alleged class members' claims were denied for reasons other than the Medical Policy's age limitation, which precludes common questions.**

There are no common questions because some members of the class were denied the claimed benefit for reasons other than the allegedly defective or illegal guidelines (here, the age limitation in the Medical Policy).  In *Wit*, the plaintiffs alleged that United wrongfully denied their health benefits claim by applying improper medical guidelines.  The district court certified the classes and ordered United to reprocess the claims without the offending guidelines.  *Wit v. United Behav. Health*, 317 F.R.D. 106, 118, 141 (N.D. Cal. 2016).

The Ninth Circuit reversed, holding that that the district court erred by certifying the classes *and* ordering reprocessing because the claims "reprocessing" was functionally a remand to the plan administrator.  79 F.4th 1068, 1084 (9th Cir. 2023).  But to be eligible for a remand, a plaintiff must "sho[w] that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard."  *Id.*  The class included members who could not satisfy these prerequisites because "some class members' claims may have been denied for reasons wholly independent of the [g]uidelines" at issue.  *Id.* at 1085.  Thus, plaintiffs "f[ell] short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible."  *Id*. at 1086.  By including individuals in the class who did not otherwise have valid claims, certification and reprocessing relief on a classwide basis were reversible error.  *Id.* at 1088.[2]

The same is true here.  The putative class includes members whose claims were denied "for reasons wholly independent of" age.  *Id.* at 1085.  Thus, here there can be no commonality because some claims were alternatively denied for wholly independent reasons.

---

[2] In September 2024, the Ninth Circuit granted United's mandamus relief after the district court attempted to allow the plaintiffs to re-litigate class certification and the merits of their denial of benefits claims.  *Wit v. United Behav. Health*, No. 24-242, 2024 WL 4036574 (9th Cir. Sept. 4, 2024).  The Ninth Circuit admonished the district court that its ruling was "definitive" and the class was not certifiable: the lower court "was not 'free to again' allow plaintiffs to litigate their denial of benefits claim."  *Id.* at *2.

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 4
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

| Member A | "[Y]ou do not have a letter of recommendation or support for surgery from a mental health professional, dated within the last 9 months, and that includes all of the information noted above. Therefore, the surgery is not covered under your health plan." |
| --- | --- |
| Member B | "The member now has a letter of recommendation for surgery from a licensed mental health professional, but the letter is dated 11/10/20, which was almost 7 months before the request for coverage was received, it was not within 6 months." |
| Member C | "In addition, you do not have a letter of recommendation for surgery from a licensed mental health professional that is based on a comprehensive evaluation that was conducted within the last 6 months, and that includes all of the information noted above. You have a letter of recommendation from a licensed mental health professional that is dated 3/19/2021, which was a little more than 8 months ago and is therefore not based on a comprehensive evaluation that was conducted within the last 6 months." |

Exs. 68, 69, 70.[3]  Other members failed to procure a letter verifying the decision to have surgery was not attributable to other pre-existing mental health illness, such as autism:

| Member E | Claim denied because "Member has autism spectrum disorder, PTSD, however; these were not addressed in the letter of recommendation from licensed MH profession[al]." |
| --- | --- |
| Member F | "[Y]our letter of recommendation for surgery from a licensed mental health professional does not verify that your decision to have the surgery is not due to any other treatable mental disorder." |
| Member G | "[Y]our letter of recommendation for surgery from a licensed mental health professional does not verify that your decision to have the surgery is current, well thought out, not impulsive, and not due to any other treatable mental disorder." |

[3] All exhibit citations herein are to the Declaration of Gwendolyn Payton in support of Premera's Cross Motion for Summary Judgment, filed contemporaneously with this brief.

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 5
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

| Member H | "In addition, your letter of recommendation for surgery from a licensed mental health professional does not verify that your decision to have the surgery is current, well thought out, and not impulsive, and does not verify that you are able to make a fully informed decision about the surgery." |
|---|---|

Exs. 71, 72, 73, 74.  Other members were denied because their surgeon did not yet approve:

| Member H | Claim denied because the surgeon "is requiring information from a primary care physician and from an endocrinologist, which the information does not show has been obtained." |
|---|---|
| Member I | Claim denied because the surgeon was "waiting for information to verify that medication which you are taking would not prevent you from having the surgery." |

Exs. 75, 76.  One member failed to submit a letter of support from a provider with the necessary credentials:

| Member J | "[Y]ou do not have a letter of recommendation for surgery from a licensed mental health professional that is based on a comprehensive evaluation that was conducted within the last 6 months, and that includes all of the information noted above.  Your mental health provider does not have the necessary credentials." |
|---|---|

Ex. 77.

As in *Wit*, Premera would have to undertake a similar analysis for each claim to assess eligibility, the reason(s) for the denials, exhaustion of appeals, and other factors.  These individual factors preclude common questions "apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350.  In *Day v. Humana Insurance*, 335 F.R.D. 181, 184 (N.D. Ill. 2020), for example, the plaintiff alleged that Humana "systemically rejects coverage for [proton beam radiation therapy]" and Humana "relies exclusively" on a "Medical Coverage Policy" for PBRT that was "geared toward directing claim denials for all PBRT claims." *Id.* at 186, 199–200.  The plaintiff sought to certify a class of people who denied coverage based on a determination that the service was not medically necessary under the terms of that medical policy.  *Id.*

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 6
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

*Day* concluded that class allegations, "like those in *Dukes*, [did] not identify any 'glue' that unites 'the alleged *reasons'* for which Humana denied each putative class member's benefits clam." *Id.* at 199. As here, Humana exercised discretion in determining whether the member was entitled to the benefit at issue and decided whether the proposed treatment was "medically necessary" based on the member's individual medical circumstances. *Id.* at 199–200. The administrator also "referenced numerous sources to administer Plaintiff's claim, including NCCN Guidelines, at least one clinical trial, and Plaintiff's medical records." *Id.* at 200. Taken together, these allegations "contradict[ed] the assertion that Humana relies exclusively on the Policy to make PBRT coverage determinations and underscores the individualized nature of the determinations." *Id.*

Because individualized determinations were inevitable, class certification was not appropriate because "each class member would need to show that Humana misapplied the Plan language to his or her specific medical circumstances." *Id.* at 199. Thus, plaintiff's allegations "nowhere identify a common way in which Humana applies the Plan (or other plans it administers) to deny PBRT coverage." *Id.*

Here, the named Plaintiffs and absent class members were denied gender surgery benefits for various reasons that depend on factors such as their medical conditions, their particular plan language, and their letters of support. Not all were denied the benefit only because of an age limitation, and many were denied the benefit for reasons *other* than the age limitation, so there is no commonality amongst the class.

### 3. Plaintiffs cannot show commonality because the two named Plaintiffs are entitled to different forms of relief: damages and injunctive relief.

Plaintiffs purport to seek only equitable relief: a declaration that Premera's Medical Policy is discriminatory and an injunction demanding that they "reprocess" Plaintiffs' claims. Mot. at 25–29. But "equitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009). Monetary damages are a remedy at law. *eBay v. MercExchange,* 547 U.S. 388, 391 (2006).

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 7
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

1   Here, a money judgment would provide complete relief to A.B.  A.B. already underwent

2   a mastectomy and has identified the exact amount it cost: $25,750.  Ex. 25, L.B. Dep. at 202:24–

3   203:5, 209:2–6.  A.B. would be made whole if this Court awarded him $25,750.  Because A.B.

4   has an adequate remedy at law, this Court cannot grant him equitable relief in the form of a

5   declaration or an injunction.  Given that this Court cannot issue injunctive relief to A.B., his

6   claims do not share commonality either with J.M. or with many members of the proposed class

7   who have not yet undergone a mastectomy because different evidence is required to show that

8   each would be entitled to relief.  Commonality requires that "the same evidence will suffice for

9   each member to make a prima facie showing [or] the issue is susceptible to generalized, class-

10  wide proof."  *Tyson Foods v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

11  J.M. also has a damages remedy, even though he has not received surgery.  "[F]or

12  prospective damages, there must be evidence to show such a degree of probability of their

13  occurring as amounts to a reasonable certainty that they will result from the original injury."

14  *Sherwin-Williams v. JB Collision Servs.,* 768 F. App'x 756, 759 (9th Cir. 2019).  Moreover,

15  "where the fact of prospective contract-based damage is certain, only reasonable, not

16  mathematical, certainty, is required for an award of damages; it is no objection to recovery that

17  the amount cannot be exactly determined, or is subject to contingencies."  *Ukwuoma v. Marine*,

18  907 F.2d 155, at *3 (9th Cir. 1990).  Plaintiffs assert that J.M. has firm plans to have surgery (or

19  they would have no cause of action at all), and the cost of that surgery is easily determined.

20  Plaintiffs try to get around this by requesting "reprocessing."  Plaintiffs claim that A.B.

21  and J.M. do not seek money, but rather want Premera to re-evaluate their claims.  But the result

22  of "reprocessing" is the same as what this Court could provide A.B. and J.M., if their claims had

23  merit, which is money.

24  *C. P.  v. Blue Cross Blue Shield of Illinois*, No. 3:20-CV-06145-RJB, 2023 WL 8777349,

25  at *6 (W.D. Wash. Dec. 19, 2023)agrees.  There the Court held that money damages were not an

26  adequate remedy because the plaintiffs had "suffered and will continue to suffer additional, non-

27  monetary harms caused by the refusal of, or the delay in, treatment, including anxiety and mental

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 8
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

anguish as a result of the discrimination." *Id.* at *6. This rationale cannot apply to A.B. and other class members who have had surgery and just want reimbursement—indeed, it demonstrates that A.B. has an adequate remedy at law. Regardless, J.M. will be eighteen in two months and the age limitation would not apply. *C.P.* did not hold that Plaintiffs can be entitled to equitable relief even if they have an adequate remedy at law. Nor could *C.P.* or any court hold as such in violation of well-settled principle of law.

**B.    The named Plaintiffs' claims are not typical of other proposed class members and do not adequately represent the class.**

The Court cannot certify the class because A.B. and J.M.'s claims are not typical of, and A.B. and J.M. do not adequately represent, the class. Plaintiffs must show that "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Thus, the Court must consider whether the named Plaintiffs' individual circumstances are "markedly different" from "that upon which the claims of other class members will perforce be based." *In re Optical Disk Drive Antitrust Litig.*, 303 F.R.D. 311, 317 (N.D. Cal. 2014). Rule 23(a)(4) also requires an adequacy determination: that A.B. and J.M. can fairly and adequately protect the interests of the class. *Id.*

**1.    A.B.'s and J.M.'s claims are not typical of the class.**

A.B. and J.M. cannot adequately represent and are not typical of the class because their surgeries are not medically necessary. Cross-MSJ Motion at 12-18, 28-33. Thus, they did not suffer "the same or similar injury" as absent class members.

**2.    The cases Plaintiffs cite to support typicality do not apply here.**

Plaintiffs rely on *Fain v. Crouch*,[4] but that case is contrary to the Ninth Circuit's decision in *Snyder*, which controls here. Unlike in *Fain*, where the district court did not address medical necessity for any individual plaintiff, the Ninth Circuit requires an individualized inquiry. *Compare* 342 F.R.D. at 115 *with Snyder*, 28 F.4th at 106. *Fain* also does not apply because the

---

[4] 342 F.R.D. 109 (S.D. W.Va. 2022) *aff'd*, 100 F.4th 122 (4th Cir. 2024), *petition for cert. filed*, No. 24-99 (U.S. July 30, 2024).

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 9
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

plaintiffs there sought class certification based on one blanket exclusion in a Medicaid policy. *Id.* at 113.

Plaintiffs rely again on *C.P.,* but that case likewise involved categorical plan exclusions, rather than a medical policy used as a tool to determine medical necessity on a case-by-case basis, taking into consideration each member's unique medical circumstances, pre-existing medical and mental health conditions. Because an age limitation in a medical necessity policy is not a categorical exclusion, *Fain* and *C.P.* do not support a finding that A.B. and J.M.'s claims are typical.

## C.     The Court must deny certification because the class is not sufficiently numerous, is geographically condensed in Washington, and is capable of joinder.

Premera has identified thirty-five people who had claims denied for gender surgery before the age of eighteen. Ex. 1 at 7. Twenty-seven reside in Washington. *Id.* at 8. Only nine are currently the under the age of eighteen. *Id.*

There are four independent reasons why the putative class does not satisfy the numerosity requirement: (1) only nine of the thirty-five putative class members are still minors with standing to seek injunctive relief; (2) only four of the thirty-five putative class members participate in plans receiving federal funding, and Premera is not liable under Section 1557 for the remaining plans that do not receive federal funding; (3) twenty-seven of the thirty-five members reside in Washington and thus are capable of joinder, which renders a class action unnecessary; and (4) the claims of six members fall outside the applicable statute of limitations. Each of these reasons alone is sufficient to deny certification.

### 1.     Plaintiffs cannot satisfy numerosity because only nine class members are under age eighteen and have standing to seek injunctive relief.

Plaintiffs' motion for class certification fails as a matter of law because the injunctive relief class is not sufficiently numerous. The Supreme Court has made clear that certification of a class of fifteen or less fails on numerosity grounds. *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). There are only nine class members who are under eighteen as of September 30, 2024 and would benefit from an injunction. Ex. 1 at 7–8. The remaining twenty-six class members

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 10
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

are already eighteen or older.  Thus, the remaining injunctive class of nine is not certifiable as a matter of law.

### 2. Plaintiffs cannot establish numerosity because only four putative class members participate in plans that receive federal financial assistance.

As explained in Premera's summary judgment, Premera is only subject to Section 1557 for the parts of its operations that receive federal funding.  Plaintiffs' class claims fail because only four members participate in plans that receive federal funding.  Ex. 1 at 7.  This fails Rule 23's numerosity requirement as a matter of law.  *Gen. Tel.*, 446 U.S. at 330 (vacating a class of fifteen under numerosity).

### 3. Plaintiffs cannot establish numerosity because the class is not geographically dispersed and is easily identifiable, making joinder practicable.

Plaintiffs cannot establish numerosity because twenty-seven putative class members reside in Washington and thus are capable of joinder (which renders a class action inappropriate).  The Western District of Washington held that joinder was not impracticable and denied class certification of a similar proposed benefits-denial class "made up of Washington residents."  *Est. of Felts v. Genworth Life Ins.*, 250 F.R.D. 512, 520 (W.D. Wash. 2008).  In *Sanft v. Winnebago Industries,* 214 F.R.D. 514, 523 (N.D. Iowa 2003), the court held that a proposed class of fifty-one ERISA members did not meet the numerosity threshold because most class members lived in the same state and were geographically concentrated.  In *Gries v. Standard Ready Mix Concrete,* 252 F.R.D. 479, 488 (N.D. Iowa 2008), a class of approximately ninety ERISA members did not satisfy numerosity when most, but not all, lived in the state.

Here, the overwhelming majority of the class members reside in Washington and are capable of joinder.[5]  Thus, class certification is not appropriate.

---

[5] Plaintiffs mischaracterize testimony from Premera's medical director to claim the class is "geographically dispersed."  Mot. at 12.  Not so.  He testified about plan type, not geographic location: "75 percent of [Premera's] membership is not Washington fully insured," but rather are participants in self-funded plans or other plan types.  Ex. 4 at 159:4-8.  Here, twenty-seven of the thirty-five class members (over seventy-seven percent of the class) reside in Washington and are readily capable of joinder.  Ex. 78.

### 4.    Plaintiffs cannot establish numerosity because Plaintiffs' class is limited by the three-year statute of limitations.

Plaintiffs cannot establish numerosity because only twenty-nine of the purported class members claims fall within the three-year statute of limitations for Section 1557 claims. Because the ACA itself does not set out a statute of limitations, courts incorporate the limitations periods for Title IX or Section 504 Rehabilitation Act claims. *Smith v. Highland Hosp. of Rochester*, No. 17-CV-6781-CJS, 2018 WL 4748187, at *3 (W.D.N.Y. Oct. 2, 2018) (applying three-year Title IX limitations period to Section 1557 claim for transgender benefits); *Solis v. Our Lady of the Lake Ascension Cmty. Hosp.,* No. 18-56-SDD-RLB, 2020 WL 2754917, at *4 (M.D. La. May 27, 2020) (applying three-year limitations period to Section 1557 claim); *Ward v. Our Lady of the Lake Hosp.,* No. 18-00454-BAJ-RLB, 2020 WL 414457, at *2 (M.D. La. Jan. 24, 2020) (same).

To determine the statute of limitations for Title IX claims, the Ninth Circuit looks to the statute of limitations governing state law personal injury claims. *Johnson v. Dep'ts of Army & Air Force*, 465 F. App'x 644, 645 (9th Cir. 2012). Washington's personal injury limitation is three years. RCW 4.16.080(2).

Here, six class members have claims that pre-date June 27, 2020, three years prior to the filing of the initial complaint. Ex. 78. Their claims are therefore barred by the statute of limitations.[6] The remaining twenty-nine members are not sufficiently numerous and are readily capable of joinder.

---

[6] Out-of-circuit courts applying a four-year catchall statutory limitations period to Title IX cases are contrary to Ninth Circuit authority. In *Palacios v. MedStar Health,* 298 F.Supp.3d 87, 91 & n.2 (D.D.C. 2018), the court applied the four-year catchall but noted that, even under the three-year Title IX limitations period, the claims there were timely. In *Vega-Ruiz v. Northwell Health,* 992 F.3d 61 (2d Cir. 2021), the court applied the four-year catchall period because it concluded that the enforcement mechanisms in the ACA differed from those in the Rehabilitation Act for that specific claim. *Id.* at 66. The same was true in *Tomei v. Parkwest Medical Center,* 24 F.4th 508, 514–15 (6th Cir. 2022), where the court found the ACA incorporated the Rehabilitation Act's rights of action and remedies but not its statute of limitations. The opposite is true here, where Plaintiffs allege their Section 1557 claim expressly incorporates the enforcement mechanisms of Title IX. Am. Compl. ¶126. Thus, the more specific, three-year Title IX limitations period applies.

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 12
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

**D.      Certification is improper under Rules 23(b)(1) and 23(b)(2).**

In addition to satisfying all of the requirements of Rule 23(a), Plaintiffs must also meet the requirements of at least one subsection of Rule 23(b), but their class claims do not satisfy any subsection.

**1.      Plaintiffs cannot satisfy Rule 23(b)(1)(A).**

Plaintiffs' class does not meet the requirements of Rule 23(b)(1)(A) because the "prosecut[ion of] separate actions by . . . [proposed] class members" would not "create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct." Fed. R. Civ. P. 23(b)(1)(A). Rule 23(b)(1)(A) only covers cases where a party is "obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax)" or where a party "must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners).'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997). Rule 23(b)(1)(A) actions typically arise in those limited situations where the remedy would be identical for all class members. In *Amchem*, for example, the utility provider was required to charge the same rate (and *only* that rate) for all class members. *Id.*

But an action cannot be brought under Rule 23(b)(1)(A) where the defendant is not "obligated to treat alike" all putative class members. In *Spann v. AOL Time Warner,* 219 F.R.D. 307 (S.D.N.Y. 2003), the court refused to certify a class seeking ERISA benefits under Rule 23(b)(1)(A) because the defendants would need to "conduct an individualized inquiry into [each member's] circumstances" that "could result in differentiated rulings," and the defendants were "not obligated to treat alike all employees who bring claims for monetary relief based on the recalculation of" their benefits. *Id.* at 321.

Here, if Premera covers one class member's claim, that coverage decision would have no bearing on the remaining class members. Premera is not obligated to treat the members of the putative class alike, so there is no risk of inconsistent adjudications. In fact, it is the opposite— as Plaintiffs acknowledge, Premera considers the medical necessity of gender-affirming surgery

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 13
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

for each minor who submits a claim on a case-by-case basis, and there is no categorical exclusion.

### 2.    Plaintiffs cannot satisfy Rule 23(b)(1)(B).

Rule 23(b)(1)(B) does not apply because here there is no risk of adjudications that would (1) "be dispositive of the interests of the other members not parties to the individual adjudications" or (2) "would substantially impair or impede their ability to protect their interests."

Rule 23(b)(1)(B) typically applies to a non-opt out class where a limited fund or other constraint means one court's adjudication could prejudice other class members. *In re Phenylpropanolamine Prods. Liab. Litig.*, 208 F.R.D. 625, 633–34 (W.D. Wash. 2002) (Rule 23(b)(1)(B) "typically provides for certification of a non-opt out class where each putative class member claims entitlement to a pro rata share of a 'fund' with a definitely ascertained limit"). Plaintiffs do not allege any such "limited fund." Adjudicating one member's claim for surgery will not substantially impair other members of the class's ability to protect their interests because medical necessity is individualized and specific to each member. *Felts*, 250 F.R.D. at 525 ("There is no reason to suspect that adjudication of individual claims against [the defendant] would prejudice other plaintiffs."). Plaintiffs cannot satisfy the requirements of Rule 23(b)(1)(B).

### 3.    The cases Plaintiffs rely on for certification under Rule 23(b)(1) do not apply.

Plaintiffs rely on the district court opinion in *Wit*, but the class certified in *Wit* was subsequently reversed by the Ninth Circuit. 79 F.4th 1068. *Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 495 (N.D. Cal. 2017), which relied heavily on the now-reversed district court opinion in *Wit*, is not persuasive for the same reasons.

The remaining cases Plaintiffs cite are all distinguishable because they involve categorical exclusions of coverage, rather than medical necessity determinations. In *Escalante v. California Physicians' Service*, 309 F.R.D. 612 (C.D. Cal. 2015), the plan did not cover "investigational" services and found that all artificial disc replacement ("ADR") claims were investigational and were not subject to a medical necessity review. *Id.* at 616 (defendant "denies

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 14
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

all requests and claims for ADR" as "investigational treatments, not on the grounds of medical necessity"). *Meidl v. Aetna,* No. 15-cv-1319 (JCH), 2017 WL 1831916, at *20 (D. Conn. May 4, 2017), involved categorical denials of claims for Transcranial Magnetic Stimulation therapy as experimental and did not involve medical necessity reviews.

The same is not true here. On its face, Premera's policy requires a medical necessity determination, and Premera's Medical Director reviews claims for gender-affirming surgery for minors on a case-by-case basis. In application, Premera has covered forty-four percent of claims for gender-affirming surgery for minors based on medical necessity, so there cannot plausibly be an argument that Premera has "categorically" denied any claims. To assess whether any individual claim was improperly denied, the Court would need to individually assess the medical necessity of that claim by taking into consideration the member's individual medical circumstances and the state of the science. There is therefore no "risk of inconsistent adjudications" because the coverage decisions at issue are individualized. *Id.* at *19.

### 4.    Plaintiffs are not entitled to relief under either Rule 23(b)(1) or 23(b)(2) because they seek monetary relief.

Plaintiffs purport to bring a class for purely injunctive and declaratory relief under Rules 23(b)(1) and (b)(2), but their prayer for relief reveals that they really seek reprocessing and payment of money damages. Because Plaintiffs seek more than merely "incidental damages," they are precluded from recovery under either 23(b)(1) or (b)(2).[7]

First, as explained above, A.B. and absent class members who have had the surgery are only entitled to monetary relief, if any at all. Parties can only be provided equitable relief if there is "no adequate remedy at law." But A.B. has an adequate remedy at law: the out-of-pocket costs of his mastectomy. Reprocessing, according to Plaintiffs, wouldn't change this demand for monetary relief. *See* Mot. at 12–14. Reprocessing is simply a means to monetary relief and nothing else.

---

[7] Plaintiffs chose not to move for class certification under Rule 23(b)(3), which permits money damages.

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 15
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Second, both J.M. and putative class members who have not undergone surgery ultimately seek only monetary relief as well. J.M. has a damages remedy, even though he has not received surgery. *Sherwin-Williams*, 768 F. App'x at 759. Where "the fact of prospective contract-based damage is certain, only reasonable, not mathematical, certainty, is required for an award of damages; it is no objection to recovery that the amount cannot be exactly determined, or is subject to contingencies." *Ukwuoma*, 907 F.2d 155, at *3 (internal quotations omitted). Plaintiffs claim that J.M. is certain to receive his surgery, and the cost of that surgery can be easily determined by a fact finder.

For all class members, Plaintiffs seek an order requiring Premera "to *reprocess* and, when *medically necessary* and meeting the other terms and conditions under the relevant plans, *provide coverage (payment)* for all denied pre-authorizations and denied claims." Dkt. 34 at 26 (emphases added). But, again, reprocessing and repayment of "medically necessary" claims are simply a means to the monetary relief that Plaintiffs really seek.

Monetary relief is not available in Rule 23(b)(1) and (b)(2) classes. In *Dukes*, the Supreme Court held that monetary relief is not available under either a (b)(1) or a (b)(2) class unless such relief "is 'incidental to requested injunctive or declaratory relief.'" 564 U.S. at 365 (quoting *Allison v. Citgo Petroleum*, 151 F.3d 402, 415 (5th Cir. 1998)); *see also id.* at 361–62. Damages are not incidental if they, among other things, require "complex individualized determinations." *Id.* at 366 (citation omitted). Put differently, Rules 23(b)(1) and (b)(2) do "not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.* at 360–61. Here, each payment for a medically necessary claim would be individualized and would not be incidental (but rather is the premise of this lawsuit). Rules 23(b)(1) and 23(b)(2) both prohibit class relief for these types of damages.[8]

---

[8] Courts sometime refer to the "incidental damages" limitation as a "cohesiveness" requirement. A class is cohesive only if "damages do[] not vary based on the subjective considerations of each class member's claim, but 'flow directly from a finding of liability on the . . . claims for class-wide injunctive and declaratory relief.'" *Robinson v. Metro-N. Commuter R.R.*, 267 F.3d 147, 165 (2d Cir. 2001). If a class action is "more about individual monetary awards than it is about uniform injunctive or declaratory remedies," then the "'presumption of cohesiveness' breaks down and the procedural safeguard of opt-out rights [required by Rule 23(b)(3)] becomes

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 16
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

Plaintiffs cannot get around this by narrowly fashioning their request for relief as "reprocessing." As explained above, all equitable relief is an extraordinary remedy that is unavailable if there is an adequate remedy at law, *i.e.*, a money judgment that can provide complete relief. Plaintiffs provide no reason why a money judgment would be insufficient to make A.B., J.M., or any members of the proposed class whole. Nor could they, as "reprocessing" A.B. or J.M.'s claims (or any class members' claims) would not result in anything other than their receipt of a check from Premera.

The Seventh Circuit rejected this type of remedy refashioning in *Kartman v. State Farm Mutual Automobile Insurance Company*, 634 F.3d 883 (7th Cir. 2011). There, the plaintiff State Farm policyholders sought "an injunction requiring State Farm to reinspect all class members' roofs pursuant to a 'uniform, reasonable, and objective' standard for evaluating hail damage." *Id.* at 886. This is identical to the type of relief Plaintiffs seek here, which is an injunction requiring Premera to reprocess their claims using a different, purportedly nondiscriminatory standard. But the Court held that this was essentially a damages remedy because "[a] class-wide roof reinspection would only lay an evidentiary foundation for subsequent individual determinations of liability and damages." *Id.* at 886. Just as in *Kartman*, Plaintiffs' request for "reprocessing" is just a fancy word for damages, and this Court should also reject this relief because it is not available under Rule 23(b)(1) or (b)(2).

Plaintiffs also cannot get around this by making their request for relief seem narrower, *i.e.*, that they don't really seek or even expect damages but rather simply want the chance to have their claims "reprocessed" without discrimination. While the Supreme Court has recognized that discrimination alone can be a remedial harm in and of itself in the equal protection context, Plaintiffs do not raise an equal protection claim. *Northeastern Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993) ("The 'injury in fact' in an

necessary." *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015). The cohesiveness requirement ensures that "an adequate class representative can, as a matter of due process, bind all absent class members by a judgment." *Walsh v. Great Atl. & Pac. Tea*, 726 F.2d 956, 963 (3d Cir. 1983).

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 17
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit."). In cases like *Jacksonville*, this is a necessary work-around to the proof-problems associated with "invidious discrimination." Here, there is no such proof-problem. Plaintiffs can exactly quantify how much in damages they would need from Premera if they were entitled to such relief—the cost of the surgical intervention—and that is what they would claim if Premera "reprocessed" their claims.[9]

### 5. Plaintiffs' class claims seek an interim remedy that will not afford any "final" relief as required by Rule 23(b)(2).

Plaintiffs' class is also prohibited under Rule 23(b)(2) because it would not offer the putative class any "final" relief. Class actions must be "dispositive of the interests of the other members" of the class. Fed. R. Civ. P. 23(b)(1)(B). Returning claims to Premera for reprocessing would not be dispositive because it would merely "lay an evidentiary foundation for subsequent individual determinations" of medical necessity, which may (or may not) lead to the approval of claims and payment of benefits that Plaintiffs ultimately seek. *Kartman*, 634 F.3d at 886.[10]

*Kartman* is instructive. There, the court held that classwide reprocessing of claims cannot constitute final relief. 634 F.3d at 894–95; *see id.* at 893 n.8 ("Where a class is not cohesive such that a uniform remedy will not redress the injuries of *all* plaintiffs, class certification is typically not appropriate.") (emphasis original). In *Ebert v. General Mills,* 823 F.3d 472 (8th Cir. 2016),

---

[9] Even if "reprocessing" were a distinct remedy, it would be outside the scope of the relief authorized by Section 1557, which adopts the enforcement mechanisms of Title IX. 42 U.S.C. § 18116(a). Title IX does not have an explicit remedies provision, so courts have imputed a requirement that it authorizes only "appropriate relief." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). A remedy is "appropriate relief" only if "the funding recipient is on notice that, by accepting federal funding, it exposes itself to liability of that nature." *Id.* at 187. Title IX funding recipients are not on notice of "idiosyncratic or exceptional" remedies. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 225 (2022). Funding recipients are "generally on notice" of "those remedies traditionally available in suits for breach of contract." *Barnes*, 536 U.S. at 187. Reprocessing is an "idiosyncratic or exceptional" remedy for which Premera did not have notice. *Cummings*, 596 U.S. at 225.

[10] A declaratory or injunctive relief class cannot be certified "if certification is merely a foundational step towards a damages award which requires follow-on individualized inquiries to determine each class member's entitlement to damages." Rule 23(b)(2)—*Claims for injunctive relief, 1 McLaughlin on Class Actions* § 5:15 (20th ed.). Equitable declaratory and injunctive relief "is not 'final' within the meaning of Rule 23(b)(2) when it only serves as a basis to present damages claims later." *Id.*

the Eighth Circuit reversed class certification because the remediation relief sought by the homeowners class was individualized and required further determinations. *Id.* at 481 ("The resolution of that single question" of the defendant's liability "does not apply uniformly to the entire class, as in reality, the issue of liability and the relief sought by these homeowners is, at bottom, highly individualized.").

A class is certifiable only where *this Court* can afford final relief to the certified class, rather than merely remanding for potential future relief down the road. In *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 825–26 (7th Cir. 2011), for example, the Seventh Circuit affirmed the denial of class certification because the injunctive relief requested would ultimately require recalculating back pay for each class member in thousands of different hearings. *Id.* This diaspora fails to satisfy Rule 23(b) because it "would not provide 'final' relief as required by Rule 23(b)(2)" and would "merely lay an evidentiary foundation for subsequent determinations of liability." *Id.* at 826.

The same is true here. If this Court orders reprocessing, that will not be the end of the story. Each claim will be remanded and Premera will conduct a medical necessity determination based on each individual's medical circumstances. If the claim is medically necessary, the claim will be paid if it meets the terms of the member's plan. If the claim is not medically necessary, the member must exhaust all appeals before bringing a new claim for relief, potentially in another court. Plaintiffs' Rule 23(b)(1) and (b)(2) classes thus seek relief that is not final and is inappropriate for classwide adjudication.

Dated this 14th day of October, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By _____/s/ Gwendolyn C. Payton_____
Gwendolyn C. Payton, WSBA No. 26752
gpayton@ktslaw.com
Ashley D. Burman, WSBA No. 58754
aburman@ktslaw.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714
Facsimile: (206) 623-6793

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 19
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1

*Counsel for Premera Blue Cross*

2

3    By _____*/s/ Stephanie N. Bedard*_____
          Stephanie N. Bedard* (*admitted pro hac*
4         *vice*)
          sbedard@ktslaw.com
5         1100 Peachtree Street NE, Suite 2800
          Atlanta, GA 30309
6         Telephone: (404) 541-6039
          Facsimile: (404) 541-3153
7
          *Counsel for Premera Blue Cross*
8
9    *I certify that the foregoing contains 6,978 words,*
     *in compliance with the Local Civil Rules.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT PREMERA BLUE CROSS'
OPP. TO MOT. FOR CLASS CERTIFICATION – 20
CASE NO. 2:23-CV-00953-TSZ
KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANT PREMERA BLUE CROSS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S. Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>       dgross@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>120 WALL STREET 19TH FLOOR<br>NEW YORK, NY 10005<br>646-307-7406<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 14th day of October, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752

*Counsel for Premera Blue Cross*

CERTIFICATE OF SERVICE - 21
CASE NO. 2:23-CV-00953-TSZ

KILPATRICK TOWNSEND 78883265 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946