UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

L.B. and M.B., individually and on behalf of their minor child A.B.; C.M. and A.H., individually and on behalf of their minor child J.M.; and on behalf of others similarly situated,

        Plaintiffs,

v.

PREMERA BLUE CROSS,

        Defendant.

C23-0953 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs have requested, via a "Notice of Scrivener's Error," docket no. 170, that the Court revise certain language in its Order entered April 18, 2025, docket no. 169. Plaintiffs' notice is treated as a motion for reconsideration, which may not be granted unless the Court calls for a response. See Local Civil Rule 7(h)(3). The Court concludes that no further action is required at this time. Plaintiffs assert that the Court erred when it indicated defendant Premera Blue Cross ("Premera") "describes its role as a third-party administrator of a self-funded plan governed by the Employee Retirement Income Security Act of 1974." See Order at 4:7–8 (docket no. 169). The Court's Order, however, correctly summarized the exact statement that Premera made multiple times in its responsive pleading. See Answer at ¶¶ 72–73, 127, & 141 (docket no. 35). Moreover, as indicated in the Order, Premera asserted (and plaintiffs did not dispute) that it does not receive federal financial assistance in connection with the Association of Washington Business "HealthChoice" plan, which is the focus of the claims brought by plaintiffs L.B.

MINUTE ORDER - 1

and M.B. on behalf of A.B.  *See* Order at 3–4 (docket no. 169) (citing Def.'s Cross-Mot. & Resp. at 37–39 (docket no. 80)); *see also* Def.'s Cross-Mot. & Resp. at 3 (docket no. 80) ("A.B. receives health coverage under a fully-insured plan offered by Premera for which Premera does not receive any federal funding.").  Whether Premera is an insurer or an administrator or both for the "HealthChoice" plan is not entirely clear from the record, and Premera's precise role was not relevant with respect to the reasoning or the result set forth in the Order entered April 18, 2025, docket no. 169.  Plaintiffs' motion for reconsideration, docket no. 170, is therefore DENIED.

(2)   Having reviewed the parties' Joint Status Report, docket no. 171, indicating that the parties are not in agreement concerning whether trial will be necessary in this matter and requesting additional time to negotiate and potentially finalize a stipulated judgment, the Court DIRECTS as follows:  On or before May 30, 2025, the parties shall submit either (i) a stipulated or consent judgment, which shall be noted for the same day it is filed, or (ii) a Joint Status Report, setting forth their respective views concerning (A) whether trial will be necessary in this matter, (B) whether the parties will be prepared to proceed on the current trial date of September 15, 2025, (C) how many days the parties anticipate needing for trial in light of their agreement that the only issue remaining for trial is remedies, (D) whether the Court should require briefing other than trial briefs, which remain due on August 29, 2025, and (E) if so, on what subjects[1] and what timing.

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 9th day of May, 2025.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

---

[1] In their Joint Status Report, the parties have identified attorney's fees and costs as issues that might require briefing, but the Court would not ordinarily consider or decide motions relating to attorney's fees or costs in advance of trial, and, in any event, costs should be taxed in the manner set forth in Local Civil Rule 54(d).

MINUTE ORDER - 2