HONORABLE JUDGE THOMAS S. ZILLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| L.B. and M.B., on behalf of their minor child A.B., and on behalf of similarly situated others; L.B.; M.B., C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H.,<br><br>Plaintiffs,<br><br>vs.<br><br>PREMERA BLUE CROSS,<br><br>Defendant. | Case No. 2:23-cv-00953-TSZ<br><br>**DEFENDANT PREMERA BLUE CROSS' BRIEF ADDRESSING *SKRMETTI*** |

Pursuant to the Court's direction (Dkt. 176), Defendant Premera Blue Cross ("Premera") respectfully submits this brief addressing the effect of *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), on this Court's April 18, 2025 order granting Plaintiffs partial summary judgment on their sex discrimination claim (Dkt. 169, "the Order"). In *Skrmetti*, the Supreme Court upheld a state law that prohibited certain medical treatments for minors for purposes of treating gender dysphoria. Likewise, Premera's medical policy challenged in this lawsuit denies coverage for surgery for minors when sought to treat a diagnosis of gender dysphoria.

The Supreme Court's decision in *Skrmetti* is dispositive. The Order held that "Premera's medical policy facially discriminates on the basis of sex." Dkt. 169 at 16; *see also id.* at 19 ("Premera's policy is 'textbook sex discrimination.'"). *Skrmetti* squarely disagrees with this conclusion. *See* 145 S. Ct. at 1830 ("SB1 clearly does not classify on the basis of sex"). The Order

DEFENDANT PREMERA BLUE CROSS' BRIEF ADDRESSING *SKRMETTI* – 1
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

also held that "Premera's medical policy discriminates on the basis of sex by overtly differentiating between transgender and cisgender youth or by using the proxy of gender dysphoria." Dkt. 169 at 20. *Skrmetti* squarely disagrees with this conclusion, too. *See* 145 S. Ct. at 1833 ("SB1 does not exclude any individual from medical treatments on the basis of transgender status"). Rejecting the reasoning adopted by the Order, *Skrmetti* confirms that a classification based on a medical diagnosis of gender dysphoria is not sex-based discrimination and thus does not violate the Constitution or (directly relevant here) federal laws, such as Section 1557, that prohibit discrimination on the basis of sex. At the very least, Premera could not have had "adequate notice, when [it] accepted federal funding," that benefits determinations based on a gender-dysphoria diagnosis would constitute discrimination on the basis of sex. *Roe v. Critchfield*, 131 F.4th 975, 992 (9th Cir. 2025). The Order's holding of sex discrimination, therefore, cannot stand under *Skrmetti*, as explained below.

This Court should vacate its grant of partial summary judgment to Plaintiffs on the basis of sex discrimination and enter judgment for Premera on that claim.

## ARGUMENT

*Skrmetti* upheld a Tennessee law, SB1, which prohibits hormones, puberty blockers, and surgery, but only when provided "for the purpose of (1) 'enabling a minor to identify with, or live as, a purported identity inconsistent with the minor's sex,' or (2) 'treating purported discomfort or distress from a discordance between the minor's sex and asserted identity.'" *Skrmetti*, 145 S. Ct. at 1826 (cleaned up). The challengers to SB1 contended this "creates facial sex-based classifications by defining the prohibited medical care based on the patient's sex." *Id.* at 1829. They argued both that "SB1 classifies on the basis of sex because its prohibitions reference sex" and that "SB1 works a sex-based classification because application of the law turns on sex." *Id.*

The Supreme Court disagreed. It determined that SB1 "clearly does not classify on the basis of sex." *Id.* at 1830. "Rather, SB1 prohibits healthcare providers from administering puberty blockers and hormones to *minors* for certain *medical uses*, regardless of a minor's sex."

DEFENDANT PREMERA BLUE CROSS' BRIEF
ADDRESSING *SKRMETTI* – 2
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

*Id.* at 1829 (emphasis in the original). The Court elaborated further: "Under SB1, a healthcare provider may administer puberty blockers or hormones to any minor to treat a congenital defect, precocious puberty, disease, or physical injury; a healthcare provider may not administer puberty blockers or hormones to any minor to treat gender dysphoria, gender identity disorder, or gender incongruence. *The application of that prohibition does not turn on sex*." *Id.* at 1830-31 (emphasis added) (citations omitted).

*Skrmetti* controls here because this case likewise involves an age limit on gender-affirming procedures that fully turns on medical diagnosis, medical condition, and medical treatment. Premera's medical policy for gender-affirming surgery provides coverage for chest surgery for males and females alike, except for individuals under 18 who have "a diagnosis of gender dysphoria." Dkt. 169 at 6-7. As Plaintiffs acknowledged in their partial summary judgment motion, "Premera covers mastectomies for cancer, excess breast tissue and other conditions for minors," but "minors are categorically excluded from gender-affirming chest surgery" (that is, chest surgery to address a diagnosis of gender dysphoria). Dkt. 44 at 1-2. Premera's medical policy, therefore, is *precisely* analogous to the law in *Skrmetti*, where the Court found there was no sex discrimination: "Under SB1, a healthcare provider may administer puberty blockers or hormones to any minor to treat a congenital defect, precocious puberty, disease, or physical injury; a healthcare provider may not administer puberty blockers or hormones to any minor to treat gender dysphoria, gender identity disorder, or gender incongruence." *Skrmetti*, 145 S. Ct. at 1830-31 (citations omitted). In short, as in *Skrmetti*, Premera's medical policy denies coverage for surgery "to *minors* for certain *medical uses*, regardless of a minor's sex." *Id.* at 1830 (emphasis in the original).

*Skrmetti* therefore confirms that Premera does not "discriminate on the basis of sex" when it imposes an age limitation for chest surgery as a treatment for gender dysphoria. Indeed, *Skrmetti* forecloses the Order's Section 1557 holding.

First, *Skrmetti* rejected the notion that a "mere reference to sex," whether in the law or in a medical policy, means that the prohibition is "sex-based." 145 S. Ct. at 1829. Quoting the

DEFENDANT PREMERA BLUE CROSS' BRIEF
ADDRESSING *SKRMETTI* – 3
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

Fourth Circuit's decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024), *vacated*, No. 24-99, 2025 WL 1787687 (U.S. June 30, 2025), the Order in this case relied on the fact that, under the medical policy, "some patients will be eliminated from candidacy for these surgeries solely from knowing their sex assigned at birth." Dkt. 169 at 17 (quoting *Kadel*, 100 F.4th at 153). The Order further explained that, under the medical policy, the coverage decision can be different "depending on whether [the minor's] natal sex is male or female." *Id.* at 18. *Skrmetti* firmly rejected that logic, explaining that kind of reductive approach is "especially inappropriate in the medical context," where "[s]ome medical treatments and procedures are uniquely bound up in sex." *Skrmetti*, 145 S. Ct. at 1829.

Second, *Skrmetti* rejected the Order's holding that "gender dysphoria is a proxy for transgender status."[1] Dkt. 169 at 20. *Skrmetti* held that a proxy-discrimination claim could not be sustained because "there is a 'lack of identity' between transgender status and the excluded medical diagnoses." *Skrmetti*, 145 S. Ct. at 1833. In *Skrmetti,* the exclusion of puberty blockers and hormone treatments for gender dysphoria did not discriminate against transgender people because "both transgender and nontransgender individuals" are able to seek those treatments for other conditions. *Id*. *Skrmetti* relied on *Geduldig v. Aiello*, 417 U.S. 484 (1974), explaining that, like the pregnancy coverage exclusion in *Geduldig*, "SB1 does not exclude any individual from medical treatments on the basis of transgender status but rather removes one set of diagnoses— gender dysphoria, gender identity, and gender incongruence—from the range of treatable conditions." *Skrmetti*, 145 S. Ct. at 1833. Similarly, here, an age limitation for surgery for gender dysphoria does not discriminate against transgender people because "both transgender and nontransgender individuals" are able to seek surgery for other conditions. *Id.*

Under *Geduldig* and *Skrmetti*, Plaintiffs would need to show that Premera's medical

---

[1] The Order also concluded that "gender identity is a protected characteristic." Dkt. 169 at 19. The Court in *Skrmetti* rejected the plaintiffs' sex discrimination argument without addressing that question "because SB1 does not classify on the basis of transgender status." 145 S. Ct. at 1832-33. Neither does Premera's medical policy, for the same reasons.

DEFENDANT PREMERA BLUE CROSS' BRIEF
ADDRESSING *SKRMETTI* – 4
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

policy is "mere pretext for invidious sex discrimination." *Id*. The *Skrmetti* challengers did not attempt to make such a showing, *id.*, and the Order here does not hold that the medical policy was motivated by invidious sex discrimination. No such claim would be factually plausible in this case.[2]

Third, the Order relied extensively on the Fourth Circuit's decision in *Kadel,* declining to engage at all with the contrary reasoning in the 6th Circuit's decision in *Skrmetti*. Dkt. 169 at 15, 17-20. But the 6th Circuit's decision was affirmed, and the Supreme Court has vacated *Kadel* in light of *Skrmetti*. *See Folwell v. Kadel*, No. 24-99, 2025 WL 1787687 (U.S. June 30, 2025). Without *Kadel* (and the two district-court cases adopting a similar rationale), the Order rests on no authority.

Fourth, *Skrmetti* rejects the Order's reliance on *Bostock v. Clayton County*, 590 U.S. 644 (2020), *see* Dkt. 169 at 15-16, 20, and in so doing confirms that *Skrmetti*'s logic applies beyond equal protection jurisprudence to civil-rights statutes such as Section 1557. 145 S. Ct. at 1834; *see Doe v. Snyder*, 28 F.4th 103, 114 (9th Cir. 2022).

Specifically, *Skrmetti* held that, even under its analysis in *Bostock*, a Title VII case, limits on medical treatments for gender dysphoria are not sex discrimination. "[N]either [the patient's] sex nor his transgender status is the but-for cause of his inability to obtain" the treatment; medical diagnosis is. 145 S. Ct. at 1834. *Skrmetti* thus confirms that cases like *Kadel* erred in reading

---

[2] Plaintiffs can show pretext "in two ways": (1) indirectly, by showing that [Premera's] proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated [Premera]." *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1148 (9th Cir. 2006). Plaintiffs' perfunctory discussion of pretext in their summary judgment motion does not create a factual dispute under either method. Since *Skrmetti* approved the same restrictions, Premera's policy is certainly not "unworthy of credence." And Plaintiffs have presented no direct evidence of discriminatory animus. "[D]irect evidence of discrimination is that which, 'if believed, proves the fact [of discriminatory animus] without inference or presumption.'" *Hittle v. City of Stockton*, 101 F.4th 1000, 1012-13 (9th Cir. 2024) (second brackets in the original). "Direct evidence typically consists of clearly sexist, racist, or similarly discriminatory statements or actions…." *Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1095 (9th Cir. 2005). Plaintiffs offered no such evidence, only impermissible speculation. *See Korkosz v. Clark Cnty.*, 379 F. App'x 593, 596 (9th Cir. 2010).

DEFENDANT PREMERA BLUE CROSS' BRIEF
ADDRESSING *SKRMETTI* – 5
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

*Bostock* to render unlawful the enforcement of reasonable age limitations for gender-affirming care. As in *Skrmetti*, Premera's challenged coverage determinations turn on medical diagnosis, and specifically "a diagnosis of gender dysphoria." Dkt. 169 at 7. And under *Skrmetti*, "[t]he application of that prohibition does not turn on sex." 145 S. Ct. at 1831.

The Order also relied on *Kadel*'s conclusion that a prohibition on coverage for gender-affirming care "stems from gender stereotypes about how men or women should present." Dkt. 169 at 17 (quoting *Kadel*, 100 F.4th at 153). But *Skrmetti* specifically rejected the argument that "SB1 enforces a government preference that people conform to expectations about their sex." 145 S. Ct. at 1832. The Court expressly concluded that "the plaintiffs' allegations of sex stereotyping are misplaced."[3] *Id.*

Finally, the Order declined to stay this case pending *Skrmetti*. *See* Dkt 169 at 19 n.8. The Order suggested that, because *Skrmetti* does not "involve any claim under ACA § 1557," it was "unlikely to provide guidance" in this case. *Id.* Specifically, the Order noted that, because this is not a constitutional case, it "need not decide what level of scrutiny applies with respect to distinctions made on the basis of gender identity and/or transgender status." *Id.* In *Skrmetti*, however, the Supreme Court declined to address the level of scrutiny question. *See* 145 S. Ct. at 1832-33 (declining to address whether "transgender individuals are a suspect or quasi-suspect class" because "SB1 does not classify on the basis of transgender status"). Instead, the Court resolved the case based on its holding that "SB1 clearly does not classify on the basis of sex." *Id.* at *9. While the Court made this holding while resolving a constitutional claim of sex discrimination, § 1557 requires this Court to resolve the *exact same question* that was at issue in *Skrmetti*: whether Premera's medical policy discriminates "on the basis of sex." *See* Title IX, 20

---

[3] The Order also discounted the reasons Premera adopted the medical policy: (1) "a minor's insufficient maturity 'to make a truly informed, educated decision' and 'to understand all of the ramifications of such transformation including its irreversibility,'" and (2) a dearth of "studies supporting gender-affirming surgeries for adolescents." Dkt. 169 at 7. *Skrmetti*, however, found legitimate Tennessee's similar concerns that "the prohibited medical treatments are experimental, can lead to later regret, and are associated with harmful—and sometimes irreversible—risks." 145 S. Ct. at 1832, 1825-26.

DEFENDANT PREMERA BLUE CROSS' BRIEF
ADDRESSING *SKRMETTI* – 6
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination"), *incorporated by* ACA § 1557, 42 U.S.C. § 18116(a). There simply is no basis for declining to follow *Skrmetti*'s answer to that question in the context of § 1557.

## CONCLUSION

This Court should vacate the Order's grant of partial summary judgment to Plaintiffs on their sex discrimination claim, enter judgment for Premera on that claim, and then dismiss this case with prejudice.

DATED this 7th day of July, 2025.

KILPATRICK TOWNSEND & STOCKTON LLP

By  */s/ Gwendolyn C. Payton*
Gwendolyn C. Payton, WSBA No. 26752
gpayton@ktslaw.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714
Facsimile: (206) 623-6793

*Counsel for Premera Blue Cross*

By  */s/ Stephanie N. Bedard*
Stephanie N. Bedard* (*admitted pro hac vice*)
sbedard@ktslaw.com
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 541-6039
Facsimile: (404) 541-3153

*Counsel for Premera Blue Cross*

DEFENDANT PREMERA BLUE CROSS' BRIEF ADDRESSING *SKRMETTI* – 7
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANT PREMERA BLUE CROSS' BRIEF ADDRESSING *SKRMETTI* to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S. Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>         dgross@sylaw.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>**Kell L Olson**<br>**Nicholas Hite**<br>**Sasha J Buchert**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>120 WALL STREET 19TH FLOOR<br>NEW YORK, NY 10005<br>646-307-7406<br>Email: ogonzalez-pagan@lambdalegal.org<br>         kolson@lambdalegal.org<br>         nhite@lambdalegal.org<br>         sbuchert@lambdalegal.org | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 7th day of July, 2025.

**Kilpatrick, Townsend & Stockton LLP**

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA No. 26752

*Counsel for Premera Blue Cross*

CERTIFICATE OF SERVICE - 8
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946