HONORABLE JUDGE THOMAS S. ZILLY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

L.B. and M.B., on behalf of their minor child A.B., and on behalf of similarly situated others; L.B.; M.B., C.M. and A.H., on behalf of their minor child J.M., and on behalf of similarly situated others; C.M.; and A.H.,

Plaintiffs,

vs.

PREMERA BLUE CROSS,

Defendant.

Case No. 2:23-cv-00953-TSZ

**DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF BRIEF ADDRESSING *SKRMETTI* (DKT. 177)**

In accordance with this Court's July 28, 2025 Minute Order, Defendant Premera Blue Cross ("Premera") hereby files this reply in support of its brief addressing the dispositive effect of *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), on this Court's April 18, 2025 order granting Plaintiffs partial summary judgment on their sex discrimination claim (Dkt. 169, "the Order"). Plaintiffs' response brief on *Skrmetti* (Dkt. 180) ignores *Skrmetti*'s reasoning, falsely denies *Skrmetti*'s application in the statutory context, improperly relies on the broad "purpose and intent" of the ACA, and entirely ignores the impact of the Supreme Court's vacatur of *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024), *vacated*, No. 24-99, 2025 WL 1787687 (U.S. June 30, 2025), which was the primary authority on which this Court relied. For each of these reasons, this Court should vacate its grant of partial summary judgment to Plaintiffs on the basis of sex discrimination and enter judgment for Premera on that claim.

DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF
BRIEF ADDRESSING SKRMETTI (DKT. 177) – 1
CASE NO: 2:24-CV-00812-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

**I.      Plaintiffs ignore *Skrmetti*'s clear application to this case.**

*Skrmetti* held that a classification based on a medical diagnosis of gender dysphoria is not sex-based discrimination and thus does not violate the Constitution.  That reasoning fully applies to federal statutes, such as Section 1557, that prohibit discrimination on the basis of sex.  After all, this Court is bound not just by the holding of *Skrmetti*, but its reasoning, too.  *See Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1121 (9th Cir. 2020) (explaining that the "deference" lower courts owe to the Supreme Court "extends to the reasoning of Court decisions, too—not just their holdings"); *Thompson v. Hebdon*, 909 F.3d 1027, 1043 (9th Cir. 2018) ("Our decisions must comport with the 'reasoning or theory,' not just the holding, of Supreme Court decisions."), *vacated on other grounds*, 589 U.S. 1 (2019).

The Court's decision in *Skrmetti* did not turn on the appropriate level of scrutiny applicable to transgender distinctions, as Plaintiffs imply.  Dkt. 180 at 3.  Rather, the Supreme Court declined to address the level of scrutiny question, 145 S. Ct. at 1832-33, and instead held that Tennessee's state statute "clearly does not classify on the basis of sex." *Id.* at 1830.  This is the precise question at issue in this case: whether Premera's medical policy discriminates "on the basis of sex."

And contrary to Plaintiffs' representations, Dkt. 180 at 7, Premera's medical policy operates no differently than the law at issue in *Skrmetti*.  Premera's medical policy for gender-affirming surgery provides coverage for surgery for both males and females, without regard to their sex, except for individuals under 18 who have "a diagnosis of gender dysphoria."  Dkt. 169 at 6-7.  Thus, as in *Skrmetti*, Premera's medical policy denies coverage for surgery only (1) "to *minors*"; (2) "for certain *medical uses*"; and (3) "regardless of a minor's sex."  145 S. Ct. at 1829 (emphasis in original).  As a result, *Skrmetti*'s holding establishes that this Court's prior suggestion that *Skrmetti* was "unlikely to provide guidance" here, Dkt. 169 at 19 n.8, was incorrect.[1]

Plaintiffs' brief repeatedly makes arguments that are flatly inconsistent with *Skrmetti*—with no effort to explain how their assertions remain valid.  *See*, *e.g.*, Dkt. 180 at 3 ("the undisputed

---

[1] As this Court's quoted language plainly indicates, Plaintiffs err in contending that this Court previously "determined that *Skrmetti* does not apply."  Dkt. 180 at 2.  This Court simply predicted that *Skrmetti* would turn on tiers of scrutiny and therefore be inapplicable here.

DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF
BRIEF ADDRESSING SKRMETTI (DKT. 177) – 2
CASE NO: 2:24-CV-00812-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

evidence here shows that Premera discriminates facially based on transgender status and therefore sex"); *id.* at 7 ("Premera's GTAS Policy discriminates because it expressly references and turns on sex and is premised on the services being for transgender people."); *id.* (relying on *Karnosi v. Trump*, 926 F.3d 1180, 1201 (9th Cir. 2019), whose reasoning is flatly inconsistent with *Skrmetti*); *id.* at 8 n.3 ("Sex plays an inextricable role."). Ignoring *Skrmetti* does not make it any less binding on this Court. And despite spending several pages insisting that *Skrmetti*'s holding does not bar their claims, in the end Plaintiffs eventually are forced to concede that "*Skrmetti* did not accept" the argument they present here.[2] *Id.* at 8.

## II.    *Skrmetti* applies to statutory claims.

Because they cannot avoid *Skrmetti*'s reasoning, Plaintiffs claim that *Skrmetti* and *Geduldig v. Aiello*, 417 U.S. 484 (1974), have "no application in the statutory context." Dkt. 180 at 4. Plaintiffs are wrong. Plaintiffs contend that, after *Geduldig* and *General Electric Co. v. Gilbert*, 429 U.S. 125 (1976), Congress "swiftly amended" Title VII to reject the results in *Geduldig* and *Gilbert* by passing the Pregnancy Discrimination Act ("PDA") to prohibit "sex discrimination on the basis of pregnancy." Dkt. 180 at 4; Dkt. 180-1. But the PDA overruled only the specific holding of those cases in the context of *pregnancy*. That Congress adopted a *pregnancy-specific* response to *Geduldig* and *Gilbert* refutes Plaintiffs' unsupported assertion that Congress generally "intended to preserve the use of medical classifications as a proxy for sex discrimination under Title VII and Title IX." Dkt. 180 at 5. Congress could have adopted a broader amendment applicable generally to all types of "medical classifications" under Title VII—but it did not, instead adopting a narrow amendment addressing only pregnancy.

---

[2] *Skrmetti* also establishes that Premera lacked "adequate notice, when [it] accepted federal funding," that an age limit for certain benefits based on a gender-dysphoria diagnosis would constitute discrimination on the basis of sex. *Roe v. Critchfield*, 137 F.4th 912, 929 (9th Cir. 2025); *see also* Dkt. 168. *Roe* upheld the denial of a preliminary injunction brought by a transgender student challenging a state statute requiring students to use only the restroom corresponding to their "biological sex." 137 F.4th at 919-20. The Ninth Circuit found, as a preliminary matter, that the state statute failed to provide the clear notice that is required to establish liability under Spending Clause statutes like Title IX. *Id.* at 930-31. Particularly after *Skrmetti*, Premera likewise cannot be held liable under Section 1557 because it similarly lacked the required "clear notice" that Title IX's prohibition against sex discrimination would extend to a medical policy that reasonably considered a diagnosis of gender dysphoria.

DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF BRIEF ADDRESSING SKRMETTI (DKT. 177) – 3
CASE NO: 2:24-CV-00812-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Plaintiffs also contend that *Skrmetti* does not apply to statutory claims because the Court "expressly reaffirmed the validity of *Bostock v. Clayton County*, 590 U.S. 644 (2020)," including its holding that discrimination "against a person for being … transgender" represents sex discrimination. Dkt. 180 at 2. This description is true but irrelevant: *Skrmetti* found *Bostock* inapplicable because "neither [the patient's] sex nor his transgender status is the but-for cause of his inability to obtain" the medical treatments. 145 S. Ct. at 1834. As a result, *Skrmetti* held that restrictions on surgeries for minors based on a diagnosis of gender dysphoria categorically were not discrimination based on transgender status. *Id.* at 1832-34. So *Bostock* does not help Plaintiffs.

## III. Plaintiffs' improperly focus on the ACA's broad "purpose and intent" instead of its text.

Stymied by *Skrmetti*'s express holding and the lack of any basis to ignore that holding, Plaintiffs resort to "the purpose and congressional intent behind the ACA." Dkt. 180 at 5 (capitalization changed). There are two problems with Plaintiffs' Hail Mary. *First*, Plaintiffs state the purpose of the ACA at such a high level of generality—"protect Americans from discrimination based on medical conditions or services used," *id.*—that it is meaningless. Congress effectuated that broad intent through *specific* statutory provisions, and that high-level intent cannot be used by courts to invent rights not contained in the statutory text. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 270 (2010) ("It is our function to give the statute the effect its language suggests, however modest that may be; not to extend it to admirable purposes it might be used to achieve."); *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 802 (7th Cir. 2010) ("[W]e may not ignore the unambiguous language of the statute in order to further Congress's expressed purpose in enacting the statute."). That is precisely what Plaintiffs urge this Court to do. *Second*, and related, the only provision of the ACA that Plaintiffs allege Premera violated is Section 1557. *See* Dkt. 34 at 21-26. The myriad other provisions that Plaintiffs discuss are, therefore, irrelevant and inapplicable. Dkt. 180 at 4-6. If they applied here, Plaintiffs would no doubt have asserted claims based on them.

Plaintiffs also assert, without support, that allowing Premera to apply a medical policy that reasonably considers medical diagnosis would render "the ACA's promise to eliminate benefit

DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF
BRIEF ADDRESSING SKRMETTI (DKT. 177) – 4
CASE NO: 2:24-CV-00812-TSZ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

design discrimination" a "mirage." *Id.* at 6. To the contrary, it means the Court should take into consideration whether Premera has legitimate, science-based reasons for imposing an age limitation. Here, Premera's reasons mirror those found to be legitimate in *Skrmetti*: (1) "a minor's insufficient maturity 'to make a truly informed, educated decision' and 'to understand all of the ramifications of such transformation including its irreversibility,'" and (2) a dearth of "studies supporting gender-affirming surgeries for adolescents." Dkt. 169 at 7.

**IV.    Plaintiffs ignore the impact of the Supreme Court's vacatur of *Kadel*.**

Finally, it is telling that Plaintiffs completely ignore the Supreme Court's vacatur of *Kadel* after *Skrmetti*. This Court's Order turned almost *entirely* on the application of the Fourth Circuit's decision in *Kadel* to this case, holding that Premera's medical policy facially discriminated on the basis of sex because "healthcare plans covering treatments for certain diagnoses but barring coverage of those same treatments for diagnoses unique to transgender patients discriminate 'on the basis of sex,' regardless of whether 'sex' means 'biological sex' or 'gender identity.'" Dkt. 169 at 16-17 (citing *Kadel*, 100 F.4th at 133 & 143-54).

This Court quoted *Kadel* at length to explain why it believed that Premera's medical policy discriminated under the narrow definition of sex as "biological sex" or "sex assigned at birth." *Id.* at 17. This Court's Order again relied almost entirely on *Kadel* when reaching the conclusion that Premera's medical policy violates Section 1557 under the broader definition of sex as synonymous with "gender identity" by "agree[ing] with the Fourth Circuit that gender dysphoria is a proxy for transgender status." *Id.* at 20.

This Court's Order cannot stand now that *Kadel* has been vacated. This Court recognized that the Sixth Circuit's opinion in *Skrmetti* and the Fourth Circuit's opinion in *Kadel* were in direct tension with one another, *id.* at 19 n.8, and premised its holding on *Kadel* when it found that Premera's medical policy constituted "textbook sex discrimination." *Id.* at 19 (citing *Kadel*, 100 F.4th at 153). Without *Kadel*, the Order rests only on a few district court cases that adopted the same logic as *Kadel* and are likewise no longer good law in light of *Skrmetti*. Plaintiffs' silence on *Kadel* speaks volumes: the vacatur of *Kadel* likewise compels vacatur here.

DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF BRIEF ADDRESSING SKRMETTI (DKT. 177) – 5
CASE NO: 2:24-CV-00812-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

DATED this 4th day of August, 2025.

KILPATRICK TOWNSEND & STOCKTON LLP

By     */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA No. 26752
    gpayton@ktslaw.com
    1420 Fifth Ave., Suite 3700
    Seattle, WA 98101
    Telephone: (206) 626-7714
    Facsimile: (206) 623-6793

    *Counsel for Premera Blue Cross*

By     */s/ Stephanie N. Bedard*
    Stephanie N. Bedard* (*admitted pro hac vice*)
    sbedard@ktslaw.com
    1100 Peachtree Street NE, Suite 2800
    Atlanta, GA 30309
    Telephone: (404) 541-6039
    Facsimile: (404) 541-3153

    *Counsel for Premera Blue Cross*

DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF
BRIEF ADDRESSING SKRMETTI (DKT. 177) – 6
CASE NO: 2:24-CV-00812-TSZ

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANT PREMERA BLUE CROSS' REPLY IN SUPPORT OF BRIEF ADDRESSING *SKRMETTI* (DKT. 177) to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S. Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>          dgross@sylaw.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>**Kell L Olson**<br>**Nicholas Hite**<br>**Sasha J Buchert**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>120 WALL STREET 19TH FLOOR<br>NEW YORK, NY 10005<br>646-307-7406<br>Email: ogonzalez-pagan@lambdalegal.org<br>          kolson@lambdalegal.org<br>          nhite@lambdalegal.org<br>          sbuchert@lambdalegal.org | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 4th day of August, 2025.

**Kilpatrick, Townsend & Stockton LLP**

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA No. 26752

*Counsel for Premera Blue Cross*

CERTIFICATE OF SERVICE - 7
CASE NO: 2:24-CV-00812-TSZ